## JOHNSTON *against* BRANNAN.

In an action by endorsee against the endorsor of a promissory note for 933 dollars, the defendant pleaded *puis darrein continuance,* that the maker paid to the plaintiff, 952 dollars, in full satisfaction and discharge of the note, which the plaintiff accepted in full satisfaction, &c. On demurrer, this was held to be a good plea,

THIS action was brought against the defendant as first endorsee of a promissory note, dated 24th *November,* 1807, made by *John Jackson,* for 933 dollars and 40 cents, payable to *Brannan* or order, sixty days after date, and endorsed by him to *Isaac Riley,* and by *Riley* to *Samuel Hunter,* and by him to the plaintiff. The defendant pleaded, 1. *Non assumpsit*:

2. *Payment* before the commencement of the suit, with notice of a set-off, to which there was a *replication* and issue. The defendant, afterwards, put in a plea *puis darrein continuance,* as of *August* term, 1809, that

and a bar to the plaintiff's recovery; though the sum paid by the maker fell short of the whole interest due on the note at the time of the payment, and did not include the costs of suit which had accrued.

*Interest* is not considered as a part of the debt, so as to support a suit for it separately.

If a suit is settled by the parties, without mentioning the *costs,* each party must bear his own costs.

after the making of the promise and undertaking in the plaintiff's declaration mentioned, and after the last continuance of the said plea, that is, after the first *Monday* of *May*, 1809, from which day, until the first *Monday* of *August*, the said action is continued, to wit, on the 24th *May*, 1809, at, &c. the said *John Jackson*, the maker of the said note, set forth in the plaintiff's declaration, paid to the plaintiff the sum of 952 dollars and 86 cents, in full satisfaction and discharge of the said note ; and that the plaintiff, then and there accepted and received of the said *John Jackson*, the said sum of 952 dollars and 86 cents, in full satisfaction and discharge of the said note, and this he is ready to verify, wherefore, &c. To this plea there was a special demurrer and joinder. The causes of demurrer assigned, were, 1. Because it is not alleged, or averred in the plea, that the sum of 952 dollars and 86 cents, was paid to, or accepted by, the plaintiff, in satisfaction and discharge of the promise mentioned in the declaration, or of the damages sustained by the plaintiff by reason of the non-performance of the said promise, but only in satisfaction and discharge of the note.

2. Because, it appears by the said plea, that the said *John Jackson*, on the 24th *May*, 1809, paid to the plaintiff the said sum of 952 dollars and 86 cents only, whereas there was due on the said note for principal and interest, to the plaintiff a larger sum than was so paid ; that is, 954 dollars and 82 cents, thereby showing that there was no satisfaction or discharge as mentioned in the plea.

3. Because, although by the declaration and proceedings in the cause, it appears that this action had been commenced long before the said 24th *May*, 1809, and was then pending and undetermined ; yet it is not averred in the said declaration, nor pretended, that the sum of money, therein mentioned to have been paid to the said plaintiff, was so paid in satisfaction or discharge of

the present action, or of the costs and charges of the plaintiff, or any part thereof, which had accrued or been incurred at the time of such payment, or that the said *Jackson*, or the said defendant, or any other person did, at the time of making such payment, or at any other time, pay, or offer, or tender to pay, to the plaintiff, the said costs and charges in this suit, or any part thereof, &c.

*Slosson*, in support of the demurrer. The plea in this case should have been in full satisfaction and discharge of the promises mentioned in the plaintiff's declaration, and also of the damages sustained by reason of the non-performance of them.* A plea of the satisfaction of the note, is not equivalent to a plea of payment of all the money due on it, or of the damages and costs.

*1 Went.Plead. 358, 359. 256.

A plea of payment in satisfaction of a *bond* is not good ; it ought to be pleaded in satisfaction of the sum mentioned in the condition.†

† *Cro. Jac.* 254.

Though a promise before it is broken may be discharged by parol ; yet after it is broken it cannot be discharged, without deed, by any new agreement, without satisfaction.‡ Besides, the whole interest due was not paid ; and a smaller sum cannot be a satisfaction for a greater.

‡ *Bull. N. P.* 152. 1 *Com.Dig. Ass. G.* 2 *Mod.* 44. 259. 1 *Sid.* 177.

Again, the costs were not paid. If the defendant himself had come and tendered the money, he would not have been discharged from the suit, without paying the costs. And the plaintiff ought not to be deprived of them by the act of a third person. He has no other remedy for his costs, but by being allowed to proceed to judgment against the defendant for the amount.

The plaintiff is not bound to countermand a writ, or stop a suit, though the debt is paid, unless the costs and charges also are paid.§

§ 1 *Bos.* *Pull.* 388.

*Wells*, contra. 1. The plea is substantially good, in point of form. The plea is by the endorsor, of a pay-

ment of the note by the maker. If the note is extinguished, the promise of the defendant which is collateral to the note, is also discharged.

2. It is true that the payment of a less sum will not discharge a greater; but how does it appear that a less sum was paid? The rule applies only to the case where less than the principal is paid. A plea of payment of 100 dollars, to a suit on a note or bond for 100 dollars, is good, though some interest may possibly be due. But *non constat*, that any interest was due.

3. This is a suit against the endorsor, and it does not follow that the plaintiff would have been able to recover against him. The payment of the money by the maker, does not give or confirm a right of action against the endorsor of a note. Costs are not a necessary consequence of a suit; they depend on the recovery of damages.

*Per Curiam.* Though the general rule is, that payment of a less sum, after the debt is due, in satisfaction of the debt, is not good, by way of accord and satisfaction, yet that rule ought not to be applied to a case like the present, where the payment which was accepted in satisfaction, exceeded the principal sum in the note, and only fell short about 2 dollars, in the calculation of interest. The question as to the time to which interest is to be computed is flexible, and depends much upon circumstances preceding and attending the settlement of parties. They are not apt to be precise as to a day, and to a cent, in the computation of interest. In many cases interest is uncertain damages, and ought not to be considered as a part of the debt, within the purview of that rigid and rather unreasonable rule of the old law. And as to the costs, we have heretofore ruled, (1 *Caines*, 66.) that the settlement by the party of the debt, without noticing the costs, leaves the costs to be borne by each

*5 East 230*

*2 Johns. 171*

ALBANY,
Feb. 1810.

party. The case of *Tillotson* v. *Preston* (3 *Johns. Rep.* 229.) goes to establish the validity of the plea upon both the points which are here suggested.

Judgment for the defendant.