STEVENS *vs.* BARRINGER and others.

Where the *endorsee* of a note files a bill in chancery against the *payee* and a third person, complaining of combination to defraud him in respect to the note, and obtains an *injunction*, not only restraining the defendants from receiving payment of the note, but forbidding the *maker* to pay it to the defendants, or to any other person, and serves such injunction upon the maker—the endorsee, in a suit subsequently brought by him upon the note against the maker, is not entitled to recover *interest* upon the note subsequent to the service of the injunction.

The *maker* would have been justified in paying the note to the *endorsee*, notwithstanding the injunction ; but he had a right to consider the service of the injunction as a request to retain it, and therefore was not held liable to interest.

After payment of the *principal* of a debt, an action will not lie for the *interest*.

THIS was an action of *assumpsit*, tried at the Albany circuit, in March, 1832, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiff sued as the *endorsee* of a note given by the defendants to one *Edward Squire* for $650, $\frac{77}{100}$ dated 12th May, 1828, payable two years after date, with interest after one year. On the 4th May, 1830, the plaintiff served on the defendants an *injunction* from chancery, restraining them from paying the note to the *payee* or any other person, which injunction was issue on the filing of a bill against the *payee* and one *Jesse Squire.* On 6th October, 1831, one of the defendants called upon the attorney of the plaintiff, and said that he would pay the principal or face of the note, *and one year's interest,* but would pay no more, and accordingly paid $696$\frac{m}{m}$. The attorney *consented to receive and endorse that sum as so much paid on the note;* whereupon the money was paid, and the endorsement made. In February, 1831, there had been a conversation between the attorney and one of the defendants, in which the attorney told the defendant that if he did not wish to pay interest on the note, the plaintiff would have the money paid into court, and invested, until the decision of the suit in chancery ; to which the defendant answered that it would be an accommodation to him and his part-

NEW YORK, ners, to have the money left in their hands; that they would
May, 1835. rather pay interest on the note than obtain a discount at the
Gould    bank; and the attorney accordingly agreed that the defend-
v.      ants might retain the money. In October term, 1831, this
Ray.    suit was commenced, and the plaintiff now claimed to recover
*all the interest* which had accumulated on the note, up to 6th
October, 1831, which he showed was $66,41 over and above
the sum paid to the plaintiff on that day, and which, with the
interest thereof to the *quarto die post*, amounted to $68,92.
The counsel for the defendants insisted, 1. That the plaintiff
was not entitled to recover interest after the service of the in-
junction; 2. That at all events he could only recover the in-
terest accruing on the note subsequent to the arrangement of
*February*, 1831; and 3. That *having accepted the princi-
pal* and one year's interest, he could not sue for the residue
of the interest. All which objections were overruled by the
judge and the jury, under his direction, found a verdict for
the plaintiff for the sum demanded. The defendants ask for
a new trial.

*S. Cheever*, for the defendants, cited, in support of the mo-
tion for a new trial, 1 *Peters' C. C. R.* 321, 331, 524, 2 *Dal-
las*, 102, 215, 4 *Halsted*, 3, 9 *Wheaton*, 338, 1 *Call*, 115, 1
*Yeates' R.* 274, 4 *Mass. R.* 171.

*Dutcher & Harris*, for plaintiffs, as to the application of
the money, cited 5 *Cowen*, 331, and as to the effect of the
injunction, 4 *Johns. Ch. R.* 25.

*By the Court*, SAVAGE, Ch. J. The last point taken by the
defendant's counsel would be conclusive in their favor, if it
was sustained by the fact; but the testimony of Mr. Harris,
the plaintiff's attorney, is a complete answer to that point.
The defendant, Van Alstyne, proposed to pay the principal
and one year's interest, which Mr. Harris received and en-
dorsed, as so much paid on the note; not as the whole prin-
cipal and one year's interest.

It is well settled that interest cannot be recovered where
there is no principal due. Interest is not a part of the
debt, but something added to it by way of damage for the

detention of the debt. It is incident to the debt, and cannot exist without it. So that had the principle been received, as the defendant's counsel contends, it is clear nothing could be recovered for interest. The only real question there is in the case, is whether the notice of the issuing the injunction in the suit of the plaintiff against Jesse Squire and Edward Squire stopped the running of interest until the subsequent agreement to pay it.

In the case of *Willing Consequa, Peters' C. C. R.* 321, Mr. Justice Washington says : " When an attachment is laid in the hands of a third person, interest is stopped until it is dissolved, because the garnishee being liable to be called upon at any moment to pay the debt, it is presumed that he had not used it ; but when a debtor, who is also a creditor, lays an attachment in his own hands, there is no such necessity existing, and of course no presumption can arise that he had not used the money. If he did use it, it is but just that he should pay interest for it." The same doctrine is advanced in *Fitzgerald Caldwell* 2 *Dallas,* 215, and 2 *Yatos,* 280. *M'Kean,* Ch. J., says : " It is clearly the general rule, that a garnishee is not liable for interest, while he is not restrained from the payment of his debt, by the legal operation of a foreign attachment." The rule here laid down is certainly consonant to reason and good sense. If a man has money in his hands, which he cannot use, because he is liable to be called upon for it at any time, he certainly should not be compelled to pay interest. Interest is the equivalent which the debtor pays, for the use of the creditor's money ; and if for any reason the money cannot be used, and has not been used, the debtor should not be required to pay interest. Hence Ch. J. Marshall, in *Osborn* v. *U. S. Bank,* 9 *Wheat.* 338, says : " It does not appear reasonable that a decree which proceeds upon the idea that the injunction of the court was valid, ought to direct interest to be paid on the money which that injunction restrained the defendant from using." All the cases speak of an injunction against *a party* to the suit in which the injunction issued. In the process of foreign attachment, the garnishee becomes a real party to the suit. He has money in

his hands which belongs to the debtor of the plaintiff, and which the plaintiff is entitled to receive, if he substantiates his demand against the person whose money the garnishee has. In some respects the condition of the defendants is like that of a garnishee; they were indebted to Edward Squire upon the note which the plaintiff claimed to own. In another respect their situation is not like the garnishee; they were not parties to the suit in chancery, and not under any restraint by reason of it. In *Fellows* v. *Fellows, 4 Johns. Ch. R.* 25, the chancellor adopts the language of Lord Eldon in *Iveson* v. *Harris, 7 Ves.* 257, where he says : " I have no conception that it is competent to this court to hold a man bound by injunction, who is not a party in the cause, for the purpose of the cause;" and the chancellor dissolved an injunction against three persons who were not parties to the bill, and who were enjoined from the payment of certain notes given by them to the defendant—a case very like the present. These defendants, therefore, were not bound by the injunction ; they were, in point of fact, not prevented from using the money, for it was admitted, substantially, by one of them, that they were using it, by saying that if they paid it, they should want accommodation from the banks. The case of *Prescott* v. *Parker, 4 Mass. R.* 170, proceeds upon the same principle. There Parker was indebted to one Gilson. Several creditors of Gilson attached this debt in the hands of Parker, of whom Prescott was the last. Parker was adjudged the trustee of Gilson, (the same as garnishee in foreign attachments.) If Parker was liable to pay interest on this debt pending the proceedings, then there would be enough to pay the plaintiff, after satisfying the prior attaching creditors. The court said that Parker was obliged, by law, to detain the debt from Gilson, and therefore he cannot be answerable to the attaching creditors for damages for the detention.

The case of *Le Braithwait* v. *Halsey, 4 Halsted,* 3, is relied on by the defendant's counsel. The plaintiffs were obligees in a bond executed by the defendant. They assigned the bond to one Webb, by an assignment, which, upon its face, was absolute and unconditional ; and afterwards filed a bill against the defendant, charging that the assignment to Webb was in

trust for their own convenience, and they were suspicious that he intended to defraud them; an injunction was issued, restraining the defendant from paying, and Webb from receiving the money. The chief justice delivered the opinion of the court. The single question, he says, is whether the defendant is legally chargeable with interest, during the pendency of the injunction. He proceeds to state, that by the act of the plaintiffs, and for their own benefit, the defendant was restrained from paying either principal or interest, during the continuance of the injunction. He could not pay to the plaintiffs, because they had parted with the bond; to Webb he could not pay, because he was forbidden by the chancellor. The retention of the money was therefore not voluntary, but compulsory. For the purposes of the plaintiffs the defendant was compelled to keep it. He was not obliged to pay it into court. The loss of the plaintiffs was the consequence of their own imprudent act, and no interest ought to be charged. These cases like the others, are cases in which the persons in possession of the money were parties to the suit in which the injunction or attachment issued, and were obliged to obey the process, and in that respect are distinguishable from this case. The principle, however, is, that he who compels a person to retain money in his hands, shall not compel that person to pay interest for it; and one reason is, because the money is retained there for the accommodation of the plaintiff. In so far as this reason has force, can it make any difference, as between the parties, whether the defendant keeps the money by compulsion, or upon the request of the plaintiff? I can see none. The defendants in this case were not under compulsion, although they undoubtedly supposed so, and so probably did the plaintiff. The defendants, therefore, acted fairly. If they were not under obligations, they at least complied with the wishes of the plaintiff, in keeping the money and refusing to pay it to the Squires. And as was said in *Le Braithwait* v. *Halsey*, the loss of the plaintiff, if not his fault, was his misfortune. The defendant supposed they could not pay to the Squires, because forbidden by the chancellor. In that they were mistaken, but the plaintiff cannot complain of them, as it was for his benefit. They could not safely pay to the

NEW YORK, plaintiff, because he had not possession of the note, and his
May, 1835. title to it was disputed.

Stevens          There would be no hardship in this case in requiring the
v.          defendants to pay ieterest; but the principle is not to be con-
Lockwood.   troverted, that a person who is prohibited by an injunction
from paying the principal, shall not be compelled to pay in-
terest; and the defendants are within the equity of that
principle.

I am of opinion that a new trial should be granted.