### Algernon S. Howe *versus* Samuel A. Bradley.

By Stat. of 1824, c. 272, a note left with a bank for collection is entitled to grace, and cannot be demanded till the last day of grace.

It is not necessary to charge an indorser, that the notice of the non-payment of the bill should state the name of the holder or the place where the note or bill was to be found.

The holder is excused from making further exertion to notify an indorser, when he finds during business hours, his place of business closed and the door locked.

Where a note is made payable at some future period, with interest annually till its maturity, and no demand is made for the annual interest as it becomes due, or if made, no notice thereof is given to the indorser; if duly notified of demand and non-payment when the note falls due, he is liable for the whole amount due, both principal and interest. — Emery J. dissenting.

Interest is to be regarded as incidental to the debt and not a part of it.

Annual interest cannot be recovered by a separate action for it after the principal has become due.

This was assumpsit, against the defendant as indorser of a promissory note signed by B. Cushman, for $1118,67, dated June 15, 1835, and payable in three years with interest annually.

From the report of the case by Shepley J. before whom the trial was had, it appeared by the testimony of H. Ilsley, the notary public by whom the note was protested, that on the 18th of June, 1838, he received the note from the cashier of the Maine Bank, with whom it had been left for collection, and presented it in person to the maker and demanded payment, and received for answer that he could not pay it: and on the same day went with the note to the public house in Portland, kept by Moorhead, and there inquired for the defendant, and learned that he had left the city on a visit to Fryeburgh — that he left a notice for him at Moorhead's, and enclosed a duplicate of it to him at Fryeburg, and on the same day put it into the post office at Portland — that defendant had boarded at Moorhead's for some years, and had a room there in which he had transacted business with him and had seen his name on the door of the room for near ten years; that he demanded the interest of the maker on the 15th of June, 1836, but could

not say that he notified defendants of such demand. The following is a copy of the notice left at Moorhead's : —

"Portland, June 18, 1838.

"Samuel A. Bradley,

"Sir — Bezaleel Cushman's note for eleven hundred and eighteen dollars $\frac{67}{100}$, dated Portland, June 15, 1835, at three year's date, in favor of⁣⁣⁣⁣ and indorsed by you, due this day the last of grace is protested for non-payment. The holder requires of you payment thereof with interest.

"Yours, &c. Henry Ilsley, Jr., Notary Public."

On the part of the defendant it was proved by A. Moorhead, that defendant had occupied for years a separate chamber at his house, which he had under his own control by lock and key; that he owned most of the furniture in it; that his name was on the door; that it was his usual place for transacting business, and was well known to be so; that the notary left the notice with him as he thought and if not, left it in his house and that he handed it to the defendant on the 20th of June, after his return from Fryeburgh where he had been for a few days; that the defendant's room was locked on the 18th of June and during his absence; and that defendant boarded and lodged with him.

The defendant was defaulted subject to the opinion of the Court, whether upon the facts before stated he is by law liable to pay the note; if not so liable, the default is to be taken off and the plaintiff to become nonsuit.

For the defendant, a very elaborate brief by *John D. Hopkins, Esq.* was furnished the Court and it was likewise argued orally by *S. Fessenden*, for defendant, and by *Eastman*, for the plaintiff.

For the defendant. 1. The notice was too late. It should have been given June 15. The note does not express grace. St. of Maine, c. 272, does not apply to this case. The defendant's liability was conditional only, upon due demand on the maker and notice to him. To bring an indorser within the purview of this statute he should have been named. The legislature might give grace to makers, but could not to bind the

indorser by a deferred notice, without altering his contract. The maker may have grace and not the indorser. The statute does not claim to alter the time in which notice is to be given ; and if applicable, that time will vary accordingly as the note was or was not in the bank.

The contract being determinate in its language and construction it cannot be varied or altered. There is no proof that it was in a bank, and if in a bank for collection; that evidence of that fact was given to the maker. *McDonald* v. *Smith,* 2 Shepl. 99; *Pickard* v. *Valentine,* 1 Shepl. 412. The statute not altering the law as to indorsers — the notice is not binding. *Jones* v. *Fales,* 5 Mass. R. 101; *Putnam* v. *Sullivan,* 4 Mass. R. 45 ; *Buck* v. *Appleton,* 2 Shepl. 284; *Smedes* v. *Utica Bank,* 20 Johns. 370.

2. The notice sent to the indorsers is defective — naming no holder and no place where it could be found nor person to whom it could be paid, and giving no information which could be useful to the indorser. *Reid* v. *Payne,* 16 Johns. 218.

3. The note declared on is one payable with interest annually — and a demand for the annual interest was duly made, but no notice thereof given to the indorser — and this neglect discharges him for the whole and not *pro tanto.* *Tucker* v. *Randall,* 2 Mass. R. 283 ; *Greenleaf* v. *Kellogg,* 2 Mass. R. 568; *Cooley* v. *Rose,* 3 Mass. R. 221 ; *Mason* v. *Franklin,* 3 Johns. 202 ; *Lenox* v. *Leverett,* 10 Mass. R. 1 ; *Lenox* v. *Cook,* 8 Mass. R. 460 ; *Blesard* v. *Hirst,* 5 Bur. 2670. The contract was, that the indorser should have notice of each defalcation, so that he might take measures to protect himself.

4. The notice was not left at the proper place — it should have been left at Bradley's room.

For the plaintiff. The notice left at Moorhead's was sufficient. Chitty on Bills, 9th ed. 408, 502. The notice sent was binding. *Ogden* v. *Cowley,* 2 Johns. 276 ; *Bowes* v. *Howe,* 5 Taunt. 30. *Ireland* v. *Kip,* 11 Johns. 231 ; *Freeman* v. *Boynton,* 7 Mass. R. 483 ; *Lord* v. *Appleton,* 15 Maine R. 270; *U. S. Bank* v. *Hatch,* 6 Pet. 250.

If the notice was insufficient, due diligence to give notice is

proved. *Shed* v. *Brett,* 1 Pick. 401 ; *Williams* v. *Bank of U. S.,* 2 Pet. 96 ; *Blakely* v. *Grant,* 6 Mass. R. 388. The notice sent was in due season. Maine St. c. 272 ; *Pickard* v. *Valentine,* 13 Maine R. 412 ; *McDonald* v. *Smith,* 14 Maine R. 99, and was sufficient in point of form. *Reeder* v. *Seixas,* 2 Johns. Cas. 337 ; *Smith* v. *Whiting,* 12 Mass. R. 6 ; *Shed* v. *Brett,* 1 Pick. 401 ; *Granite Bank* v. *Ayers,* 16 Pick. 392 ; *Bank of Utica,* v. *Smith,* 18 Johns. R. 230 ; *Cross* v. *Smith,* 1 M. & S. 545.

The opinion of the Court was by

SHEPLEY J. — The objections made to the plaintiff's right to recover are : —

1. That the notice to the defendant as indorser was too late. That the St. c. 272 does not change the rights of an indorser, and that he is entitled to notice at the same time that he would have been without the provisions of that statute. And it is said, that such a construction is necessary, or the provision would be contrary to the provisions of the constitution respecting contracts. The statute was enacted in the year 1824, and this note was made in the year 1835. Parties are presumed to know and to make their contracts with reference to the state of the law at the time. A demand could not be legally made upon the maker until his note became payable, and that was not until the last day of grace. A notice to the indorser before the note became due would have been of no effect. He could not be legally called upon until the maker was in fault. The construction contended for instead of favoring the indorser, would deprive him of the important information, that the maker had neglected to pay at maturity. The point was decided in *Pickard* v. *Valentine,* 13 Maine R. 412.

2. That the proof is not satisfactory, that the note was left in a bank for collection. The notary testified, " that before the note became due, he left it in the Maine Bank for collection." The statement that he received it from the cashier of that bank to demand payment is not inconsistent with it.

3. That the form of the notice does not sufficiently describe

the note, or inform the party where it was to be found. It states the date, amount, name of maker, time of credit, and indorsement of the defendant correctly. And disregarding the blank space arising from the use of a printed form it also states, that it was made payable to the defendant. It was not necessary, that it should state, who was the holder. *Mills* v. *U. S. Bank,* 11 Wheat. 436.

4. That the chamber occupied by the defendant should have been regarded as his dwellinghouse, and that the notice should have been left there. The testimony proves, that it was locked on the day when the notice was left, and that the defendant was absent from the city. It would have been but a useless ceremony, which the law does not require, to have called and knocked at the door after the notary had been informed, that he was absent. It has been decided, that a call during business hours at the house or place of business, which is found locked, excuses the holder from making further exertions. *Cross* v. *Smith,* 1 M. & S. 545; *Williams* v. *U. S. Bank,* 2 Pet. 96. Whatever may be the proper character of the apartment occupied by the defendant, there is proof of due diligence to give the notice.

5. That there is no proof of demand and notice when the yearly interest became payable. Interest is regarded as incidental to the principal debt and not as a part of it. The interest accruing before an act of bankruptcy cannot be added to the principal to form a sufficient petitioning creditor's debt. *Ex parte Burgess,* 8 Taunt. 660; *Cameron* v. *Smith,* 2 B. & A. 305. It has been decided, that an action cannot be maintained to recover the interest after payment of the principal. *Tillotson* v. *Preston,* 3 Johns. 228; *Johnston* v. *Brannan,* 5 Johns. 268; *Williams* v. *Houghtaling,* 3 Cow. 37; *Stevens* v. *Barringer,* 13 Wend. 639. In *Fake* v. *Eddy's Ex.,* 15 Wend. 76, it is said, "that in cases where there is no special agreement to pay the interest, if the party accepts the amount agreed to be paid in full satisfaction of the principal debt, he cannot afterward maintain an action for the mere incidental damages. But when there is an express agreement to

pay the interest as well as the principal of the plaintiff's demand, I apprehend, that the performance of one part of the agreement would be no bar to an action for the non-performance of another part thereof." And it is said, that "the dictum of the court in *Williams* v. *Houghtaling*, 3 Cow. 37, was probably misapplied to the circumstances of that case, as there was an express agreement to pay the interest as well as the principal of each payment." Taking the law to be settled, that an action may be maintained to collect the interest after payment of the principal, when there is an express contract to pay it, that does not alter the established doctrine, that interest is an incidental matter arising out of, and constantly accumulating from the principal.

In *Du Belloix* v. *Lord Waterpark*, 1 D. & R. 16, Abbott C. J. says, " interest upon such securities is no part of the debt." And Bayley J. says, " interest upon a bill of exchange or promissory note is no part of the debt." Whether there be a special promise to pay what the law would give to the party without it or not cannot change the thing itself, though it may the remedy to enforce the payment of it. The case of *Doe* v. *Warren*, 7 Greenl. 48, arose on a promissory note payable with interest annually. The C. J. says, " What is interest ? It is an accessary or incident to the principal. The principal is a fixed sum, the accessary is a constantly accruing one. The former is the basis or substance from which the latter arises and on which it rests." The holder in such cases may maintain a suit to recover the interest payable before the principal, but cannot have a separate action for it after the principal has become due and while it remains unpaid, because he may recover it in the action for the principal. The obligation imposed by law upon the holder is only to demand payment and give the required notice, when the bill or note becomes payable. No decided case has been cited to show, that it has ever been extended further, or that he is in fault or loses any of his rights by neglecting to demand the interest until the principal is payable.

*Judgment for the plaintiff.*

Howe *v.* Bradley.

Emery J. — With that portion of the opinion already agreed to by my brethren, as to the first four objections to the plaintiffs' right to recover, I concur. As to the fifth objection, it appears to me, that there is a fallacy in the reasoning in the opinion upon this case against the indorser, in the same manner as might be reasoned against the maker, who is liable at all events for both principal and interest according to law in this State. Although interest be deemed an incident to the principal so far as to disallow an attempt to give it compounded, where delay has been practised in calling for the interest, after payment of the principal, or the principal and part of the interest has been accepted in satisfaction, as in *Tillotson* v. *Preston,* 3 Johns. 228 ; *Johnston* v. *Brannan,* 5 Johns. 268 ; and *Williams* v. *Houghtaling,* 3 Cowen, 37 ; yet the indorser is entitled to every protection fairly arising on the terms of the contract.

In the case cited, *Cameron* v. *Smith,* 2 Barn. & Ald. 305, as to what shall constitute a good petitioner's debt, it was an acceptance by the bankrupt of a bill of exchange drawn for £96, 17s. 10d. due on the 18th Jan. 1810. And Bayley J. stated that the *distinction is between those cases where there is an express undertaking by the party to pay both principal and interest, and those where he undertakes to pay the principal only.* In the latter case, the interest is no part of the debt but only in the nature of damages. In such cases he says, "though it is a usage of trade to allow interest, yet it may go to the jury and they may allow 4 or 5 per cent. or nothing as damages. The case of a bond is different, for there the penalty is debt, and the principal money due and the interest thereon, may be considered as part of the penalty." If the interest constitute part of the debt the chancellor can-not refuse to allow the holder to prove for it. The case of *Du Belloix* v. *Lord Waterpark,* 1 D. & R. 16, cited in the opinion, was assumpsit by the payee against the maker of a promissory note for £800, dated 27th day of Dec. 1787, at Paris, payable six months after date. The suit was in the Court of King's Bench, in 1822. There was no evidence that

the plaintiff had been in England since the making of the note which had been drawn in Paris, in the plaintiff's favor, as it was alleged, for money lent to the defendant. The jury asked whether they were bound to give the plaintiff interest as well as principal. The C. J. Abbott charged them, that interest being the damage for the detention of the debt, the question was peculiarly for their consideration; and the jury found their verdict for the plaintiff for the principal sum mentioned in the note only. Manning moved for a rule to shew cause why the amount of the verdict should not be increased by adding interest due on the note, from the day it became due up to the time of signing final judgment, or why there should not be a new trial granted, and contended, that the plaintiff was entitled as a matter of course to his interest, and cited Com. Dig. Dam. E. 7, m. 10, H. 6, 24, b. pl. 84; 1 Roll. 572, l. 27; Ib. 150; *Feize* v. *Thompson*, 1 Taunt. 121.

Abbott said, " on principle and upon decided authorities, that the question in the case, whether the plaintiff was entitled to interest upon his principal debt was peculiarly within the province of the jury to decide. Interest upon such securities is no part of the debt, and where it is given, it is upon the ground of the injury which the party has sustained by the detention of his debt after it may lawfully be demanded, and juries give it as damages." He said, he " told the jury they were not bound to give the plaintiff any more than the principal sum mentioned in the note, and they did not think it right to give him the interest. He thought the plaintiff singularly fortunate in recovering his principal money after a lapse of thirty-four years. But there was another objection to the plaintiff's recovering interest on the debt, for during the greatest part of that time he was an alien enemy, and could not have recovered even the principal in this country. And at all events, during that portion of the time, interest could not run, and it would have been illegal to pay the bill whilst the plaintiff was an alien enemy."

Bayley J. observed, that " the question of interest was entirely for the decision of the jury and he thought they decided

rightly. Interest upon a bill of exchange or promissory note is no part of the debt, and it has been decided in the case of bankruptcy that interest on such securities cannot be added to the principal to make good the petitioning creditor's debt " — citing *Cameron* v. *Smith*, 2 Barn. & Ald. 305. It has been clearly decided that the interest is the damages for the detention of the debt, referring to 2 Burr. 1085; 2 T. R. 58; *Seaman* v. *Dee*, 1 Vent. 198; *Lee* v. *Lingard*, 1 East, 403; *Ex parte Williams*, 1 Rose P. C. 399; *Hume* v. *Peploe*, 8 East, 168; *Herries* v. *Jamieson*, 5 T. R. 553; *Ex parte Marlar et al.*, 1 Atk. 151; *Blaney* v. *Hendrick*, 2 Sir Wm. Blac. 761; *Ex parte Champion*, 3 Bro. C. C. 439; *Lowndes* v. *Collens*, 17 Ves. 28. Holroyd concurred."

In New York too, notwithstanding the decisions cited from Johnson & Cowen, which last states the rule there of casting interest, in *Stevens* v. *Barringer*, 13 Wend. 639, it was held, that an action may be sustained for the recovery of interest, although the principal of a debt has been paid, *when the payment of interest is stipulated for in the contract.* It is only where interest is not stipulated for in the contract, and is recoverable merely as damages, *or as an incident to the debt,* that a creditor is precluded from sustaining an action for its recovery after accepting the principal.

In *Fake* v. *Eddy's Ex.*, 15 Wend. 76, the same doctrine was maintained, and the chancellor said the counsel for the plaintiff are wrong in supposing that the rule of law, that an action cannot be sustained for the interest of a demand after the principal has been paid, is applicable to this case. The cases of *Tillotson* v. *Preston*, 3 Johns. R. 229; *Johnston* v. *Brannan*, 5 ib. 268; and the *People* v. *The County of New York*, 5 Cowen's R. 333, were all cases in which there was no contract for the payment of interest, and it could only be recovered as damages for the non-payment of the principal debt when it became due.

The case of *Doe* v. *Warren et al.*, 7 Greenl. 48, I infer, was against the makers of the note. And the principal inquiry was, whether interest upon interest should be adjudg-

ed to the plaintiff. "The question," it is said in the report, "was briefly spoken to." What was said by the counsel is not communicated.

None of the cases cited in the opinion, present the question fairly raised in the present case, as to the indorser. Here is an express promise, by the maker, to pay the interest annually.

The inquiry then is, could the plaintiff have maintained an action against the principal, and also one against the indorser, on proper demand and notice, for each year's interest, on failure of the maker of the note to pay that interest.

That such action can be maintained, and recovery be had, although all the instalments have not become payable is settled by the cases *Tucker* v. *Randall*, 2 Mass. R. 283 ; *Greenleaf* v. *Kellogg*, 2 Mass. R. 568 ; *Cooley* v. *Rose*, 3 Mass. R. 221 ; *Hastings* v. *Wiswall*, 8 Mass. R. 455, which was against an indorser, and we must suppose, from the default, that the proper steps were taken to charge him, and *Estabrook* v. *Moulton*, 9 Mass. R. 258. This last case however, was a real action to recover possession of certain premises mortgaged by the tenant to the demandant as collateral security for a sum of money by sundry instalments, all of which had not arrived at the commencement of the suit. The objection on demurrer was, that the action was brought too soon. The Court said there was nothing in the objection, and that it had been repeatedly overruled.

In *Doe* v. *Warren et al.*, 7 Greenl. 48, it is said, that "the law does not permit the debtor to detain the interest he has promised to pay annually, but furnishes a remedy if not paid to the creditor at the end of each year to recover it, if he chooses to exact it. But that case does not say that the creditor may lay by from year to year, and finally hold the indorser to pay all the interest, which has not been seasonably demanded of the maker — because it is an incident.

Under the circumstances of the present case, it is my opinion that as the demand and notice are not proved at the expiration of any year, but the last before the suit, the indorser cannot legally be chargeable with the interest accruing on the years

previous to the time when he was deemed to have been properly charged by demand and notice. An indorser might well believe that the interest was kept down, if he was not informed that it was otherwise. It seems to me grossly inconsistent to say, that an action might be maintained for the annual interest, at the expiration of each year, and yet that the indorser shall be charged for it, without demand on the maker, and notice of his failure or delinquency as to the payment. It is not a plain and natural conclusion, but metaphysically deduced upon an hypothesis or assumption, as it appears to me, contrary to a series of decided cases upon the liability of indorsers.

Supposing the whole debt had been secured by four several notes indorsed by defendant, one promising to pay the amount of one year's interest, naming the dollars and cents, in one year from the date of the note, in another note, the same amount in two years, the same in another note in three years, and the principal sum of the debt in another note in three years. Could recovery be had against the defendant indorser, without demand as to each note on the maker, and notice of his default to the defendant? Yet interest after the expiration of the time of payment might be recovered of the maker.

As against the indorser, the plaintiff is to have no greater benefit by reason of the whole contract being on one piece of paper, designating the interest to be paid annually.

In a large principal sum, say $50,000, in a note made by one or more persons, and indorsed by another, payable in three years from date of the note, with interest annually, upon the strength of the opinion formed in this case, the most disastrous consequences might arise to an indorser, if the yearly interest were omitted to be demanded of the maker, and notice omitted to be given to the indorser. He might have rested in the well founded supposition, having received no intimation to the contrary, that the interest was regularly paid. But, by the doctrine of this opinion, he would be holden to pay $59,000, instead of $50,000 and one year's interest, at the end of three years, if the proper demand and notice were *then* made and given.

Some case or cases directly deciding this important point,

against an indorser, on solemn argument, ought to be produced, before such oppression should be visited upon one, who as indorser, made only a conditional contract to be answerable on default of the maker, as to every portion of the contract, to be performed at different times, on proper demand of the maker at those several times, and notice of his delinquency being given to the indorser in due season.