# MT. MANSFIELD HOTEL COMPANY *v.* WM. P. BAILEY & TR.

## *Endorser. Interest. Demand and Notice.*

1.  The endorser of a promissory note bearing annual interest is liable for the interest as it falls due before the maturity of the note.
2.  But he must be charged with such liability by demand and notice.

Special assumpsit for the annual interest due on five promissory notes endorsed by the defendant. Plea, the general issue. Trial by court at the April term, 1890, Lamoille county, Munson, J., presiding. Judgment for the defendant. The plaintiff excepts.

The case appears in the opinion.

*P. K. Gleed,* for the plaintiff.

*Geo. Wilkins,* for the defendant.

To charge an endorser there must be a demand and notice. 1 Par. Bills & Notes, 353-356, 442, 443; Sto. Pr. Notes, s. 135; 2 Aik., 263; *Whitney* v. *Dean,* 22 Vt. 561.

The opinion of the court was delivered by

TYLER, J. It appears by the statement of facts that Geo. Doolittle and Mrs. E. J. Doolittle promised to pay the defendant, William P. Bailey, or order, five thousand dollars, as their five promissory notes should respectively become due, and the interest thereon annually. The notes are dated April 1, 1886, are for $1,000 each, and payable 16, 17, 18, 19 and 20 years from their date.

The plaintiff, as the indorsee of the notes, seeks to recover of the defendant, as indorser, the first three years' interest upon

them without demand of the makers and notice to the defendant of the makers' default of payment. The defendant's counsel contends, 1st, than the indorser cannot in any event be compelled to pay the interest as it annually falls due, that his conditional liability does not become absolute until the notes respectively mature, and then only after demand and notice; 2d, that if the interest is collectable of the indorser as it annually accrues it is after the usual measures have been taken to make him chargeable.

The general rule of law relative to the respective liabilities of the maker and indorser of a promissory note is well defined. The promise of the maker is absolute to pay the note upon presentment at its maturity. The promise of the indorser is conditional that if, when duly presented, it is not paid by the maker, he, the indorser, will, upon due notice given him of the dishonor, pay the same to the indorsee or other holder.

It seems clear that the indorser is not liable for the annual payment of the interest without performance of the conditions by the holder. If he were thus liable his relation to the note would be like that of a surety or a joint maker, and his promise, instead of being conditional, would be absolute as to the payment of the interest. This is contrary to the general statement of the law that his liability is conditional. The relation of principal does not exist between him and the maker. They are not co-principals. Their contracts are separate and they must be sued separately, at common law. Randolph Com. Paper, s. 739. The maker has received the money of the indorser and in consideration thereof promises to repay it according to the terms of the note, and if he fails to pay, his contract is broken and he is liable for the breach. The contract of the indorser is a new one, made upon a new consideration moving from the indorsee to himself. His undertaking is in the nature of a guaranty that the maker will pay the principal and interest according to the terms of the note. His liability is fixed upon the maker's default upon de-

mand, and notice to him of such default. This new contract cannot be construed as an absolute one to pay the interest without default of or demand upon the maker. The promise cannot be absolute as to the payment of interest when it is clearly conditional as to the payment of the principal.

It is held that though the annual interest upon a promissory note may be collected of the maker as it falls due, it is not separated from the principal so that the recovery of it is barred by the statute of limitations until the recovery of the principal is thus barred. *Grafton Bank* v. *Doe et al.*, 19 Vt. 463. The holder of a note with interest payable annually loses no rights against the parties to it, whether makers or indorsers, by neglecting to demand interest, and he has the election to do so, or wait and collect it with the principal, for it is regarded as an incident of the principal. *National Bank of North America* v. *Kirby*, 108 Mass. 497. But it is so far an independent debt that he may maintain an action against the makers for it as it annually accrues, or allow it to accumulate and remain as a part of the debt until the note matures. *Catlin* v. *Lyman*, 16 Vt. 44. In the latter course the makers would be chargeable with interest upon each year's interest from the time it was due until final payment. 1 Aik. 410 ; *Austin* v. *Imus*, 23 Vt. 286. It was said by the Court in *Talliaferro's Ex'rs.* v. *King's Admr.*, 9 Dana 331, (35 Am. Dec. 140 ): · "The interest, by the terms of the covenant, is made payable at the end of each year, and is as much then demandable as if a specific sum equal to the amount of interest had been promised ; and, in default of payment, as much entitles the plaintiff to demand interest upon the amount so due and unpaid. The fact that the amount so promised to be paid is described as interest accruing upon a larger sum, which is made payable at a future day, cannot the less entitle the plaintiff to demand interest upon the amount, in default of payment, as a just remuneration in damages for the detention or non-payment."

It is true that at the maturity of the notes the defendant

would be liable, as indorser, for both principal and interest, upon due demand and notice, although these measures had not been taken to make him chargeable as the interest fell due each year. Notice of the maker's default of payment of interest need not be given annually to the indorser in order to charge him with liability for interest when the note matures. This is so stated by the Court in *National Bank of North America* v. *Kirby, supra.* In *Howe* v. *Bradley*, 19 Me. 31, it is held that when a note is made payable at some future period, with interest annually till its maturity and no demand is made for the annual interest as it becomes due, or if made, no notice thereof is given, the indorser, if duly notified of the demand and non-payment when the note falls due, is liable for the whole amount due, both principal and interest; that the obligation imposed by the law upon the holder is only to demand payment and give the required notice when the bill or note becomes payable. It is not held in this country that interest is subject to protest and notice, according to the law merchant, in order to charge indorsers with it when the note matures. The usual consequence of omission to notify the indorser of the maker's default, namely, the release of the indorser, would not follow the omission to give him annual notice of such default. A note is not dishonored by a failure of the maker to pay interest. *First National Bank* v. *County Commissioners*, 14 Minn. 77, (100 Am. Dec. 196, note).

The defendant's counsel argues that it would be inconsistent to hold the indorser liable for interest, which is a mere increment of the principal, until his liability is established to pay the sum out of which the interest springs; that there may be defences to the note at its maturity which will release the maker and consequently the indorser, or that the indorser may then be released by neglect of demand and notice. On first impression it might seem inconsistent that the *maker* should be compelled to pay interest before his liability has been fixed to pay the principal, but

that is his contract.    It is also argued that the fact that the interest, when uncollected, is an incident of the debt so that as it annually falls due, demand and notice are not necessary in order to charge either the maker or the indorser with liability to pay it when the note matures, is ground for holding that the indorser is not liable for interest until he is made liable for the principal.

The question is whether the indorser, by the act of indorsement, promises to pay anything on the note till its maturity, at which time he clearly may be made liable for both principal and interest.    The note bears upon its face an absolute promise by the *maker* to pay the principal when it becomes due and the interest thereon annually.    His promise is two-fold.    It is as absolute to pay the interest at the end of each year as to pay the principal at the end of the time specified.    Now what is the nature of the contract which the *indorser* makes with the indorsee?    His contract is not in writing, like that of the maker, but his name upon the note is evidence that he has received value for it, and also of an undertaking on his part that it shall be paid according to its tenor.    When he indorses it and delivers it to the indorsee he directs the payment to be made to the latter, and in effect represents that the maker has promised to pay certain sums of money according to the terms of the note, that is, the principal at maturity and the interest annually; that if the maker fails to pay on demand, he, the indorser, will pay on due notice.    His conditional promise is concurrent with the absolute promise of the maker.    His liability to pay interest and principal, as each respectively falls due, arises from his contract.    It *is* his contract that he will make payment whenever the maker is in default and he, the indorser, is duly notified thereof.

It is true that interest is an incident, an increment of the principal, and that the holder may wait for it until his note matures and then collect it with the principal.    He may, however, by the contract, collect it as it falls due, of the maker, and upon the latter's default, of the indorser.

The courts of England have never recognized the American doctrine that interest is a mere incident, an outgrowth of the principal, and in many cases follows and is recoverable as such without an express contract. Until 37 Hen. 8, c. 9, it was unlawful to demand. interest even upon a contract to pay it. Since the case of *DeHavilland* v. *Bowerbank*, 1 Campb. 50, interest has been allowed in England upon express contracts therefor, and not otherwise. Where there is such a contract interest stands like the principal in respect to the rights and liabilities of an indorser. Sedg. on Dam, 383; *Selleck* v. *French*, 1 Conn. 32, (6 Am. Dec. 189, note). In *Jennings* v. *Napanee Brush Co.* reported in Ca. Law Jour., Vol. 20, No. 19, in a learned opinion by Mc-Dougall, J., it was held that where there was an express contract to pay interest annually or semi-annually, it was not different from a contract to pay an instalment of the principal itself, and that notice to the indorser of the maker's default was necessary to charge the indorser with it. In that case the indorser was released from payment of the first two half-yearly instalments of interest for want of demand and notice.

While we adhere to the doctrine laid down in *Grafton Bank* v. *Doe, et al., supra*, that interest is in general an incident of the debt, it is consistent to hold that where the indorser is himself a party to the original contract to pay interest annually, as in the case at bar, by his indorsement he guarantees the performance of that contract. Any other holding would make the indorser liable for only a part of the maker's contract.

The case of *Codman* v. *The Vt. and Ca. Railroad Co.*, 16 Blatch. 165, has been brought to our attention. The trustees and managers of the Vermont Central Railroad Co. and the Vt. and Ca. Railroad Co., issued notes to the amount of $1,000,000 in sums of $1,000 each, payable to the defendant company, in twenty years from their date, with interest semi-annually on presentation of the interest coupons made payable to bearer and attached to the notes. On each note was this indorsement,

signed by the treasurer of the defendant, under its seal: " For value received, the Vermont and Canada Railroad Company hereby guarantee the payment of the within note, principal and interest, according to its tenor, and order the contents thereof to be paid to the bearer." The coupons were not indorsed. The notes were put on the market and the plaintiff purchased fifty of them, and subsequently, after due demand, notice and protest, brought this suit to recover the amount of two coupons on each of his notes, the notes themselves not having matured. Without passing upon the question whether the guaranty was negotiable and available to the plaintiff, as a remote holder, Wheeler, J., among other questions that arose in the case, decided that the indorsement was a contract of indorsement running to the bearer, and that demand, notice and protest fixed the liability of the indorser to pay the coupons, and gave judgment for plaintiff for the amount of the coupons.

The Supreme Court of the United States has repeatedly held that the statute of limitations begins to run upon interest coupons payable annually or semi-annually, from the time they respectively mature, although they remain attached to the bonds which represent the principal debt. *Amy* v. *Dubuque,* 98 U. S. 470. Where the indorser is the payee of the note there would seem to be no difference in his liability in respect to interest whether the maker's promise to pay it is contained in the body of the note or in interest coupons not indorsed, the notes to which they are attached being indorsed, and the coupons being mentioned in the notes; but it is unnecessary to decide that question here.

Upon the facts found by the County Court this action cannot be maintained for the reason that the plaintiff never fixed the defendant's liability to pay the three years' accrued interest. It does not even appear that the makers refused payment of it or that they were requested to pay it before this suit was

brought; therefore nothing is due from the defendant to the plaintiff.

*Judgment affirmed.*

Ross, Ch. J., dissents.

ROSS, Ch. J. I concur in the disposal made of this case; and in most of the grounds and reasoning of the opinion. But I do not see my way clear to concur in holding, that an indorser upon a promissory note, payable on time, with the interest annually, can be made chargeable for the payment of the interest, before he can be, and is, charged with the payment of the principal. By placing his name on the back of the note as an indorser, without making any limitation upon his indorsement, he guarantees its payment, upon condition that the indorsee, when the time named in the note for its payment arrives, shall present it to the maker and demand its payment, and, if the maker fails to make payment, shall seasonably notify him of such failure. When this is done, the indorser promises to pay whatever of principal and interest, is then due upon the note. This condition attaches primarily to the principal of the note. I think it attaches to the interest only as it becomes a part of the principal. It seems to me to be illogical, and pressing the indorser's conditional undertaking beyond its proper scope and office, to hold that he can have his liability fixed to pay for the use, or legal rental of the principal, before his liability to pay the principal is fixed. Interest is legal damage, fixed usually by statute, for the detention and use of money. As soon as the money is due and payable, the law implies damage for its detention and use. It may also arise from the contract, for the detention and use of the principal before it is payable by the terms of the contract. When stipulated to be paid annually, it may be collected from the maker of the note at the end of each year, because such is his contract. It is an incident, and outgrowth from the principal. The promise to pay it, whether implied or expressed, is a

dependent promise. It is attached to and arises from the prom-
ise to pay the principal. When the interest is stipulated to be
paid annually, and before the principal is payable, the maker
when sued for the annual interest, because his promise to pay it
is dependent upon his promise to pay the interest, may set up
any defence to the suit for recovering the annual interest, which
he could if the suit were for the recovery of the principal, such
as fraud in the inception of the note; or want, or failure of con-
sideration, or duress, or that his liability for the principal is con-
ditional, the terms of which have not been complied with. If
he defeats the action, it will estop the holder from recovering
the principal when due, and *vice versa.* In I Herman on Estop-
pel and Res Judicate 231, it is said, "So in an action for inter-
est due on a bond, a judgment for the plaintiff for the amount
of interest claimed will be conclusive evidence in an action on
the bond, and estop the defendant from alleging fraud, for the
reason that it was a defence which was available in the former
suit, and the presumption is that it was so used," citing *French*
v. *Howard,* 14 Ind. 455; *Van Dolsen* v. *Abendroth,* 43 N. Y.
Super. Ct. 470; *Preble* v. *Supervisors,* 8 Bis. 358, and *Edgell* v.
*Sigerson,* 26 Mo. 583; *Cleveland* v. *Creviston,* 93 Ind. 31 (47
Am. R. 367.)

The opinion recognizes this intimate, attached and depend-
ent relation of the promise to pay the interest annually to the
promise to pay the principal, from which the interest springs. It
recognizes that the statute of limitations does not begin to run on
such promise to pay interest annually until the principal falls
due, in accordance with *Grafton Bank* v. *Doe et al.,* 19 Vt. 463.
This must be because, until severed by enforced collection or
payment, interest is but an incident, and dependent of the prin-
cipal. It also recognizes this relation in holding that the indorsee
may allow the interest to accumulate, and may fix the indorser's
liability to pay it, by a proper demand, default and notice in
regard to the principal when that falls due. That is because liabil-

ity for the principal carries its dependencies. I concur in these holdings. They are supported by the decisions cited in the opinion. But they rest, and, in my judgment, can rest only on the basis that the promise to pay the interest annually, both for its consideration and enforcement is dependent upon the promise to pay the principal. The opinion also holds that the liability incurred by the indorsement is conditional, that that condition attaches to the entire note, and that the liability of the indorser must be fixed by demand, default and notice, in regard to the interest payable from the maker yearly, as well as in regard to the principal. It then seems to conclude, that, because the inindorsee can lawfully demand and collect of the maker, whose promise to pay the principal is absolute, upon his dependent, but yet absolute promise to pay the interest annually, he can by proper demand, default and notice, collect such annual interest of the indorser whose promise and liability to pay the principal is conditional, and cannot as yet be made absolute, and whose promise to pay the annual interest, it has already held is dependent upon his promise to pay the principal, and therefore, in my judgment, takes the condition attached to his liability to pay the principal. It is at this point that I fail to follow the reasoning of my associates. Here they assume,—as I think—and proceed upon the basis, that, the indorser's implied promise to pay the annual interest, is not dependent, but independent, like what it would be, if it were an instalment of the principal. The holdings in the opinion, that the indorser's liability for the accrued annual interest may be made absolute by a proper demand, default and notice in regard to the principal when it falls due, and that it may also be made absolute by a proper demand, default and notice yearly, result in holding that the maker's promise to pay the interest annually which he indorses, is both dependent upon, and independent of, his promise to pay the principal. I do not think that it has this double and inconsistent character, but only the former. If it be independent, must not demand

and default be made, and notice given yearly, or the indorser become discharged? And if demand and default be made, and notice given annualy, must not the statute of limitation begin to run from date of such demand? I think so. The result of giving this double character to the promise to pay interest annually will lead, I think, to some difficult legal problems. If the note is to mature at the end of twenty years, and the payee holds it and allows the interest to accumulate for ten years, and then having indorsed it, sells it, the the indorsee must wait for the accumulated interest until the note falls due, because the maker's promise and the indorser's liability in regard to that interest is dependent upon the indorser's liability for the maker's promise to pay the principal, which is still conditional, and for that reason the indorser's liability to pay the accumulated interest is conditional, and will remain so until it is made absolute for the principal; but when the eleventh year's annual interest falls due, the indorsee may at once, by due demand, default and notice, fix the indorser's liability to pay that year's interest, and may enforce its payment by suit, while the indorser's liability for the payment of the principal from which the year's interest springs, cannot for years be made absolute and may never be. After the indorser's liability for the payment of the year's interest has thus become fixed by suit, on what legal principles governing *res judicata*, could the indorser defend, in a suit brought, without further demand, default and notice, at the maturity of the note, for the enforcement of the payment of the principal and the ten years accumulated interest?

The only decision relied upon for the holding of my associates is from 6 Blatchford. I do not regard that in point. The guarantee was written instead of implied. The relation of the indorser to the obligation was exceptional, it having been given by its receivers and managers. The interest was expressed in

separate coupons, which, for some purposes, are treated as independent obligations. The statute of limitations runs on them generally from their maturity. *Amy* v. *Dubuque*, 98 U. S. 470 (25 L. C. P. Co. 228). In this respect they are unlike the promise in the note to pay the interest annually, as held in *Grafton Bank* v. *Doe* et al., 19 Vt. 463. I do not think that the indorsee has the election to fix the indorser's liability for, and recover of him annually such yearly interest, or to wait and fix it by proper demand, default and notice in regard to the principal. I think his liability can only become absolute for the payment of the incident or outgrowth of the debt, when it becomes absolute for the payment of the principal from which that incident or outgrowth springs. The opinion on this branch of the case is made to rest upon the ground that the indorser's undertaking, on due demand and notice, is to make good to the indorsee any failure of the maker to perform the contract, and, in that the maker has promised to pay the interest at the end of each year, the indorser has likewise so undertaken upon proper demand and notice. But his implied contract being conditional in regard to the payment of the principal, I think is conditional also to any incident or outgrowth of the principal, so long as it is conditional in regard to the payment of the principal, and that he only becomes absolutely bound to pay the interest at the end of each year, when he becomes bound absolutely to pay the principal. When so bound for the payment of the principal, then this obligation to pay the interest at the end of each year attaches, in respect both to the interest then accrued, and the interest which may thereafter accrue. I would modify the opinion in the particular indicated.