FAKE *vs.* EDDY's executor.

Where a *bond*, dated in October, 1827, was conditioned for the payment of a sum of money in three instalments, to wit: on the 1st May, 1830, 1st May, 1832, and 1st May, 1834; and then ·followed these words, "or of the interest thereof or any part thereof, to be paid yearly, and every year, on the first day of May in each year, after the same commences, then," &c *it was held*, that the *interest* must be deemed to have commenced on the *first day of May*, 1828, and that, consequently, a plea of payment of the instalments due in 1830 and 1832, without alleging payment of the *interest* accrued previous to the *seventh* day of May, 1832, when the suit was commenced, was no bar to the action.

An action may be sustained for the recovery of *interest*, although the *principal* of a debt has been paid, where the payment of interest is stipulated for in the contract; it is only when *interest* is not stipulated for in the contract, and is recoverable merely as *damages*, or as an *incident* to the debt, that a creditor is precluded from sustaining an action for its recovery, after accepting the *principal*.

ERROR from the supreme court. This was an action of debt, brought on a bond given by Fake to Tisdale Eddy, the testator, in the penal sum of $6382, bearing date 27th October, 1827, conditioned for the payment of the sum of $3191 " in the following manner, namely : $1000 on 1st May, 1830, $1000 on 1st May, 1832, 1191 on 1st May, 1834, or of the interest thereof, or any part thereof, to be paid yearly and every year, on the first day of May in each year, after the same commences,· without fraud or other delay, then, &c. The defendant craved oyer of the bond and condition, and set forth the *condition* as above stated, and then pleaded *actio non*, &c. because, on the 1st May, 1830, he paid to the plaintiff the sum of $1000, and on the 1st May, 1832, he paid to him another sum of $1000, according to the form and effect of the condition of the bond declared on, concluding with a verification and prayer of judgment. To this plea the plaintiff put in a general *demurrer*, and the defendant joined. The action was commenced on the *seventh* day of May, 1832. The supreme court gave judgment for the plaintiff on the demurrer. The following was the opinion delivered by *Chief Justice* SAVAGE, in the supreme court, on giving judgment for the plaintiff : " The question presented by the demurrer is, when did

the *interest* mentioned in the condition of the bond commence, and upon what amount? When this cause was before us upon a former occasion, we decided that interest certainly commenced as early as 1830, and therefore the plea was bad. But that decision did not decide the whole dispute between the parties. Interest is never collectable until the principal is due and payable, unless by virtue of a contract for that purpose, either expressed or implied. The question therefore must be solved from the instrument itself. Every instrument must be so construed as to give effect to the whole of it—to give force and efficacy to every part of it, if it is susceptible of such a construction. The condition of this bond is certainly very obscure. But the parties had some meaning which they intended to express; we must if possible find out what it was. The sum contracted to be paid was $3191, in three instalments—the first being payable in about two and a half years after the date of the bond, and the others in periods of two years successively. After stating the instalments and times when payable, the condition says, " or of the interest thereof or any part thereof to be paid yearly and every year, on the first day of May in each year, after the same commences." When the defendant uses the words "*or of* the interest thereof," we have already decided that he meant with the interest thereof. Interest of what? Did he refer to the last antecedent the sum of $1191—the last instalment? If he did, then he was guilty of the absurdity of agreeing to pay annual interest after the principal was paid. Principal draws interest without any express stipulation after the principal is payable. It was not necessary for the defendant to agree to pay interest for that purpose. Besides, we are to suppose that the money would be paid when by the bond it was agreed to be paid. If so, it would be paid before interest commenced running—and then the absurdity arises which I have alluded to. The parties then could not have intended that interest should commence after the money was all payable. They must have intended that interest was to be paid upon the principal before it was all payable. When, then, shall we say that interest commenced? If the words " interest thereof," did not relate to the last instalment, can we say that they related to

either of the instalments ? I am of opinion that they relate to the whole sum of $3191. If we draw a parenthesis including what follows this sum to the words " or of the interest thereof," it will be very clear that the whole sum was to bear interest—and then I think we can give an intelligible meaning to the words which follow, viz. " or of any part thereof." Without these words the interest must be paid yearly and every year upon the whole sum, until the instalments should be all paid. That was not intended, and therefore it was intended to say that interest should be paid yearly upon the whole sum or such part thereof as should remain unpaid at the end of each year. But still the enquiry remains, when did it commence ? If I am right thus far in the construction of the instrument, it commences before the time of payment of the first instalment, because it includes interest on the whole sum ; it is also *annual interest*—it must therefore commence at least one year before the first instalment was payable on the 1st May, 1830. Interest therefore began to run as early as 1st May 1829. Thus far I have no doubt as to the real intent of the parties, and that intent collected from the instrument itself upon the ordinary rules of construction. It is apparent therefore that interest was to be paid upon the whole sum, and that should be annual interest, some of it long before the principal. Were it not for the words, " after the same commences," the interest would commence immediately— that is, at the date of the bond ; and as it was payable on the first of May in every year, and to be paid yearly, is it not reasonable to say that it was to commence on the first day of May after the date ? It could not be payable on the first of May, 1828, because it would not be yearly interest, there being but six months and four days between that time and the date ; but no objection lies to the inference that it began then. It is the duty of the defendant to shew that the bond will not bear this construction ; it is his bond and must be construed most strongly against him—and as he had agreed to pay annual interest upon the whole sum, it is fair to hold him to the payment of annual interest as soon as such interest could commence running, and be payable on the first day of May in each year. What is meant by each year ? It may fairly mean

each year between the date of the bond and the time limited for the payment of the last instalment, and then we can give meaning to the words, " after the same commences." These words indicate that interest does not commence at the date, but it being the intention of the parties that the whole sum shall bear interest, it shall commence so soon as yearly interest can commence, and be payable on the first of May in every year between the date of the bond and the last instalment. The time of commencement, then, was 1st May 1828. That such was the real intent of the parties, I have no doubt."

ALBANY,
Dec. 1835.

Fake
v.
Eddy's Exr.

The defendant removed the record into this court, where the cause was argued by

*H. P. Hunt & D. Buel, jun.* for the plaintiff in error.

*M. T. Reynolds*, for the defendant in error.

Among the points raised and discussed by the counsel for the plaintiff in error, was one that an action cannot be sustained for *interest*, as such, after the *principal* has been paid.

The following opinion was deliverd in this court :—

By the CHANCELLOR. Two instalments of the principal upon this bond had become due at the time of the commencement of this suit, and if any interest was payable upon the principal of the second and third instalments, before they became due, the plea in bar is bad ; and unless such a construction is given to the condition of the bond as to entitle the obligee to annual interest upon the whole debt remaining unpaid, from time to time, at least from the first of May, 1830, the whole of that part of the condition which relates to the payment of the yearly interest is perfectly senseless. There must, therefore, have been some interest due, at least upon the second and third instalments of principal, when this suit was commenced ; and the counsel for the plaintiff in error are wrong in supposing that the rule of law that an action cannot be sustained for the interest of a demand after the principal has been paid, is

ALBANY,
Dec. 1835.

Fake
v.
Eddy's Exr.

applicable to this case. The cases of *Tillottson* v. *Preston*,3 *Johns. R.* 229, *Johnson* v. *Brannan*, 5 *Idem*, 268 and *The People* v. *The Corporation of New-York*, 5 *Cowen's R.* 331, were all cases in which there was no contract for the payment of interest, and it could only be recovered as damages for the non-payment of the principal debt when it became due. In such cases, if the party to whom the money is payable accepts the amount agreed to be paid, in full satisfaction of the principal debt, without requiring the debtor to pay interest from the time the debt became payable, he cannot afterwards maintain an action for the mere incidental damages which he has sustained by reason of the debt not being paid upon the very day when it became due. But where there is an express agreement to pay the interest as well as the principal of the plaintiff's demand, I apprehend that the performance of one part of the agreement, would be no bar to an action for the non-performance of another part thereof. It is a case of very frequent occurrence, that the interest is made payable before the principal becomes due; and no one ever doubted that, in such a case, an action could be maintained for the non-payment of the interest merely. (\*) And where either the principal or the interest, expressly agreed to be paid by the condition of a money bond, remains due, the penalty of the bond is forfeited; so that the obligee may obtain a judgment thereon, for the whole amount, under which judgment he may levy whatever interest is equitably due. The dictum of the court in *Williams* v. *Houghtaling*,3 *Cowen's Rep.*87, was probably misapplied to the circumstances of that case, as there was an express agreement to pay the interest as well as the principal of each payment. The decision of the case was right, although ' is part of the reasoning upon which that decision was founded, was wrong. *Tracy* v. *Wikoff*, 1 *Dallas Rep.* 124. This construction of the condition of the bond would be sufficient for the decision of this case; for if any interest was due at the time of the commencement of the suit, the demurrer to the

(\*) See *Watkins* v. *Morgan*, 6 *Car. & Payne's Reports*, 661, where the plaintiff was permitted to recover in debt for interest which was expressly agreed to be paid, but not for that which was merely damages for the detention of the debt.

plea was well taken, and the judgment of the supreme court must be affirmed.

It may, however, save expense to these parties, and prevent the necessity of future litigation, if this court should express an opinion upon the question which was fully considered in the supreme court : whether, upon the legal construction of this bond, the interest was to commence at an earlier period than that fixed upon by the parties, for the payment of the first instalment of the principal. There is evidently a mistake in putting that part of the condition which relates to the payment of interest, in the disjunctive ; so as to render the bond void, if the principal, or the interest thereof, *or any part* thereof, was paid. It unquestionably should be read thus : " The condition of the above obligation is such, that if the above bounden John S. Fake, his heirs, &c. shall and do well and truly pay, &c. the just and full sum of $3191, (in the following manner,namely: $1000 on the first of May,1830,$1000 on the 1st of May,1832, and $1191 on the 1st of May,1834, *and* the interest thereof, and *every* part thereof, to be paid yearly and every year, on the 1st of May in each year,after the same commences, without fraud or other delay, then the above obligation to be void ; otherwise to remain in full force and virtue." If the words *after the same commences* refer to *year*,the last antecedent, the construction of the condition of the bond must be that the interest on the $3191 is to be paid yearly and every year, from the date of the bond ; and that the time of the payment of such yearly interest is to be on the first day of May in each year, after the year commences, for which such annual interest is to be paid. In other words, that the interest for the first year from the date of the bond is to be paid on the 1st of May, 1828, and for the second year on the 1st of May, 1829, &c. ; thus making the annual interest payable partly in advance, or before the expiration of the year for which it is payable. If that construction of the bond would not make it usurious, still it is such an unusual mode of payment of annual interest on a bond payable by instalments, that I cannot believe this was the intention of the parties. The words *after the same commences* must, therefore, have been intended to refer to the *interest*, and not to the *year*. If

so, it is evident that there has been a mistake in the drawing of the bond, and that the parties had fixed upon some time from which the interest on the $3191 was to commence; which time, through inadvertence, has not been specified in the condition of the bond. We must, therefore, reject these words as senseless, in the connection in which they now stand; in which case the bond will draw interest from its date, payable on the first of May in each year: or we must endeavor to ascertain, from the bond itself, what time was probably contemplated by the parties, as that from which the interest was to commence. The first alternative cannot be resorted to, unless the last should be found to be impracticable; as the court must give effect to every clause of a written instrument, if it can be done consistently with the intention of the parties, so far as that intention can be ascertained.

I agree with the chief justice, who delivered the opinion of the supreme court, that the parties to this bond must have contemplated the payment of annual interest on the whole $3191, which interest was to be paid on the first of May; and of course such interest must commence before the time appointed for the payment of any part of the principal sum. It must, therefore, have been intended to commence either on the first of May, 1828, or the first of May, 1829; and if we cannot ascertain which was intended, we should adopt the former, rather than to reject both. The effect of such rejection would be to render the words " after the same commences" inoperative and senseless, and thus to compel the defendant to pay interest from the date of the bond. I think, therefore, that the court below was right in the conclusion that the defendant was liable for interest, on the money secured by the bond, from the first of May, 1828. If this construction does not correspond with the actual agreement of the parties which was made, or was intended to be carried into effect, at the time the bond was given, the remedy of the party who is injured by the omission to state the time from which the interest was to commence, was by an application to the court of chancery to reform the condition of the bond; so as to make it correspond with the agreement which was really made in relation to the interest.

Upon the question being put, *Shall this judgment be reversed?* twenty six members of the court (27 being the whole number present) voted in the *negative,* and only one member voted in the affirmative.

Whereupon the judgment of the supreme court was AF-FIRMED.