THE WHITE WATER VALLEY CANAL COMPANY v. HAWKINS.

*H.* having on the 13th of *April*, 1846, made a special deposit in the office of the *White Water Valley Canal Company* of 2,500 dollars in the small certificates of stock of the company, the treasurer gave him a certificate signed by himself and attested by the secretary, stating the fact, and that the certificate would draw interest for two years from that date, at 6 per cent.; but if the deposit should be removed and the interest demanded before the expiration of that time, the interest might be paid, at the option of the company, in like funds with those deposited. One-half of the deposit was withdrawn at different periods before, and the residue after, the expiration of the two years. After the withdrawal of the entire deposit, the secretary computed the interest which had accrued upon it, and entered it to *H.'s* credit in his account on their books, and afterwards, upon demand being made, refused to pay it. These transactions

took place in the office, and through the regular and acknowledged officers, of the company.

*Held*, that the contingency upon which the company had an option to pay the interest in money or stock, never occurred.

But, *held*, that admitting that the withdrawal of the one-half of the deposit within the two years gave the company the option to pay the interest on that half in cash or certificates, still that was an option they were bound to exercise within a reasonable time.

*Held*, also, that such reasonable time was when *H.* demanded the interest after the expiration of the two years.

*Held*, also, that the computation of the interest due and the entering of the same by the secretary on the company's books, together with the fact that there was no refusal to pay the interest on the deposit when demanded, amounted to a new contract, founded upon a good consideration, to pay the sum found by the secretary to be due.

*Held*, also, that the company were bound, under the circumstances, by the acts of their officers.

ERROR to the *Fayette* Circuit Court.

Monday, December 5

ROACHE, J.—Assumpsit on the common counts for money paid and for interest due on certificates of indebtedness. Plea, the general issue. Judgment for the plaintiff below for 302 dollars and 7 cents.

The proof was as follows:

The plaintiff, *Hawkins*, paid for the use of the defendants, 39 dollars and 77 cents. Also, on the 13th of *April*, 1846, *Hawkins* received from the defendant the following instrument:

"Dollars 2,500. Office of the treasurer of the *White Water Valley Canal Co. April* 13th, 1846. This certifies that on this date *Daniel Hawkins* made a special deposit of twenty-five hundred dollars in my office, in the small certificates of the stock of the company, which will draw interest from date, at the rate of six per cent. per annum for the term of two years. If the deposit be removed and the interest demanded prior to the expiration of said time, the interest may be paid, at the option of the company, in like funds with those deposited. *B. P. Hagerman*, Tr. Attest, *L. B. Tupper*, Sec'y."

The plaintiff withdrew of said deposits 500 dollars on the 24th of *February*, 1847; 100 dollars on the 19th of *February*, 1848; 650 dollars on the 21st of *February*, 1848;

Nov. Term,
1853.

THE WHITE
WATER VAL-
LEY CANAL
COMPANY
v.
HAWKINS.

1,250 dollars on the 24th of *April*, 1848. The withdrawals were the same certificates deposited.

At the time the last withdrawal of 1,250 dollars was made, the secretary of the defendant cast up the interest on the deposit, which he ascertained to amount to 202 dollars and 70 cents, which sum he passed to the credit of the plaintiff, on the books of the company. The interest was demanded before the suit was brought, and was not paid.

This was all the evidence.

The plaintiff in error contends, first, that for the 1,250 dollars withdrawn before the expiration of the two years, the plaintiff could have no right to demand anything but similar certificates, or their value, and that he should show a demand specially of such certificates to enable him to recover them.

This is a misapprehension of the terms of the certificate of deposit. The certificate provides for the payment of 6 per cent. interest on the deposit. Without some restriction of the language, the interest would be payable in money. But then follows a condition. It is provided that if the deposit be removed and the interest demanded prior to the expiration of two years, the company shall, if they elect so to do, have the option to pay the interest in like certificates.

In the case at bar, the interest was not demanded until after the expiration of two years. According to the terms of the contract, the contingency upon which the plaintiffs in error were to become entitled to an option, never occurred.

But admitting that the withdrawal of 1,250 dollars within the two years, entitled the company to elect whether she would pay the interest on that sum in cash or certificates, that was a right to elect which she was bound to exercise within a reasonable time. She could not hesitate to elect when called on to determine. The reasonable time to make the election was when called on by the defendant after all the deposits were withdrawn, and after the expiration of the two years. It is shown that a demand was

made.  Having failed when called on, at a proper time, to elect, her right to do so is gone, and the defendant has a right to demand payment in money.

Nov. Term,
1853.

The White
Water Val-
ley Canal
Company
v.
Hawkins.

The plaintiff further contends that this judgment, to the extent of the interest allowed, is erroneous.  It is a general principle, that a suit will not lie for the recovery of interest after the principal has all been paid.  *Comparet v. Ewing*, 8 Blackf. 328.  If there was not a clear distinction between this case and the case at bar, we should be inclined to follow the authority, although the reason on which the decision proceeds is not very apparent.  A material fact exists in the present case which was wanting in *Comparet v. Ewing, supra*, and *Dixon v. Parkes*, 1 Esp. R. 110, which it cites and follows.  The latter case was an action of debt on a bond payable twenty-one days after the ship's arrival at *Canton;* but, if not then paid, there was reserved. an increase of interest.  The bond was not paid till three months after the expiration of the twenty-one days, when the defendant paid the principal but refused to pay any interest for the three months.  Lord *Kenyon* held, that in that form of action, the plaintiff having received the principal, could not recover the interest, on the ground that interest in such action could only be given by a jury, in the form of damages, and as the principal was paid, there could be no verdict for it, and that being gone, everything founded on it must go too.

Here, saying nothing as to the fact that this was not a money transaction, but partook of the nature of a bailment for hire for which compensation was to be made under the name of interest, when the principal was paid there was no refusal to pay the interest; but, on the contrary, the plaintiff herself, through her proper officer, computed the interest due and entered the amount to the credit of the defendant, in his account on her own books.  We regard the transaction as amounting to a new contract to pay the sum the secretary found to be due, and it was founded on a good consideration—the liability of the party to pay the interest.

Nov. Term,
1853.

The White
Water Val-
ley Canal
Company
v.
Hawkins.

The plaintiffs allege that it is not shown that the acts of the treasurer and secretary were authorized by the corporation, and are not, consequently, binding on them. It is admitted that the persons acting as such, were the regular officers of the corporation. It seems that these transactions all took place in the office of the company. The item of interest was entered on the books of the company. Those books were under the control and subject to the inspection of the company. The acts were not a single act, but were a series of transactions continuing through a period of more than two years. By it the plaintiffs got the benefit of the use of the property of the defendant during that period. These officers were held out by the plaintiffs to the world as the officers for the transaction of their business. The evidence is sufficient to warrant the conclusion that this transaction came under the knowledge of the proper authorities, who had access to the books, and whose duty it was to inspect them. It is too late now for them to repudiate these acts. Although the acts of the officers were, in the first instance, unauthorized, the acquiescence of the corporation, during the whole transaction, and the enjoyment of the advantages of it, amount to a ratification and adoption of it. *The President, &c., of the Highland Turnpike Company* v. *McKean,* 10 Johns. R. 154.—Ang. and Ames on Corp. 284, 292, 304.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*J. S. Newman* for the plaintiffs.

*S. W. Parker,* for the defendant.