The payment of the amount of the recovery against Chase and Hillyard, with the interest, and the receipt of that amount by the attorneys for the plaintiff in the judgment, without any objection on account of sheriff's fees being unpaid, was an extinguishment of the judgment, and no effectual sale of the real estate of the judgment debtors on the execution could thereafter be made. (Wood v. Colvin, 2 Hill, 566, and cases cited.) The defendants' counsel maintains that the sheriff had a right to sell for his fees. It is said that he had made a levy and had incurred expenses in advertising before the payment was made; but the fees of the sheriff are no part of the judgment, but only an incident to it. The authority to sell is the judgment, and when that is discharged the power ceases. It was said on the argument that in this way the judgment debtor who had resisted payment until the levy of an execution might get rid of a part of the legal expenses which his default had rendered necessary; but the plaintiff or his attorney has only to refuse the payment offered until the expenses are also paid, and then the remedy for these expenses will not be lost. In this case, the note was given for the precise amount of the recovery and the interest; and when paid or collected it satisfied the judgment. The principle is somewhat analogous to the rule that interest, which would otherwise be recoverable as damages, cannot be claimed after receiving the principal, without objection. (Fake v. Eddy'sExecutor, 15 Wend., 76, and cases cited by the chancellor.)
Assuming, then, that the sale was without authority and void, a suitable case was presented for a judgment establishing the plaintiff's rights in respect to the title claimed to be derived under the sale, provided the plaintiff was in other respects so situated as to entitle him to this remedy. It must be assumed that the foreclosure proceeding under which he claimed was ineffectual. It was conceded on the trial, and on the argument before us, that the deputy clerk *Page 464 
was not authorized to take the affidavit of the auctioneer who conducted the sale on the mortgage. It was settled, in Arnot v.McClure (4 Denio, 41), that the affidavits mentioned in the statute are essential to a foreclosure, where the mortgagee is the purchaser; that where there is no conveyance under the foreclosure, the affidavits must be made, or the attempt to purchase is a nullity.
The single question then remains, whether the plaintiff, being in possession under color of a foreclosure, and having a conveyance from the mortgagee with a covenant of warranty, can sustain a suit like the present against a party having a paper title apparently good, but having, in fact, no right whatever. I am of opinion that he can. The object of the action is not to vindicate the plaintiff's right against the mortgagor, or his heirs or grantees. The facts being shown, it is clear the defendants are not connected with the mortgagor. They derived no right from or under him, but are strangers to him and his title. They claim to be the owners of the land; but that claim is with out foundation, and the assertion of it is a wrong which operates to the prejudice of the plaintiff, whether he has a perfect title or is only a mortgagee in possession. It seems to me to be no answer to say that there are other parties who can successfuly contest the plaintiff's title. It may be that such parties will acquiesce, as they have hitherto done; whether they do or not is a matter of no interest to the defendants. It is immaterial to them whether the mortgage has been foreclosed or not. In neither event have they any claim to the land. The plaintiff has all the rights which Tousley the mortgagee had, and is in possession. He has a good title against all the world, except the mortgagor and his representatives; and as against them, the mortgage being forfeited, he has a right to the possession until the mortgage debt is paid. If his title is liable to be redeemed by the representatives of the mortgagor, it is not subject to challenge by the defendants. *Page 465 
I think, therefore, that the supreme court was right in the judgment it has given, and that judgment should be affirmed.
All the judges concurred.
Judgment affirmed.