ROBBINS *v.* CHEEK.

PROMISSORY NOTE.—*Interest.—Action for, after Payment of Principal.*—Where a promissory note contains an express promise to pay interest, an action may be maintained, after the principal has been paid, for the unpaid interest due.

SAME.—*Parties.—Township Trustee.— Conversion.*—Where a township trustee has lent money belonging to his township and taken a note therefor payable to himself personally, and his term of office as such trustee has expired, and he, retaining possession of said note, has not accounted to the township for said money; these facts do not give said township a right of action on the note and thereby constitute a defense to a suit thereon by the payee.

APPEAL from the Decatur Common Pleas.

RAY, J.—The appellee sued Robbins before a justice of the peace, by filing as a cause of action a note which reads as follows:

" One day after date I promise to pay to the order of John Cheek the sum of eleven hundred dollars, without regard to valuation or appraisement laws of Indiana, for value received, with ten per cent. interest, this 31st day of May, 1865.          JACOB F. ROBBINS."

Indorsed, " Credit by cash eleven hundred dollars, October 15th, 1865."

The suit was instituted February 9th, 1869, and on the day of trial the appellant appeared and answered in four paragraphs: first, the general denial; second, payment; third, that before the commencement of this suit he paid to the plaintiff the sum of eleven hundred dollars, the prin-

cipal sum due him, in full of his principal, which was received as such, and that there is nothing unpaid upon said note but interest, and the plaintiff cannot maintain his said action for interest only; fourth, that the note in suit does not belong to said plaintiff, but is the property of Sandcreek Township, in said county, which township is a body corporate and politic, and as such may sue and be sued; that Daniel Meredith is the trustee of such township; that the term of office of said plaintiff, who was trustee of said township when said note was given, has long since expired; that said note was given for funds and moneys of said township borrowed by the defendant of said Cheek as such trustee; that said Cheek has not accounted to such township for the sum due on said note; and that he should have delivered said note to his successor at the expiration of his term; wherefore, said plaintiff is not the real party in interest, and this action should abate; and the defendant on oath says that this fourth paragraph of his answer is true, &c.

On appeal to the common pleas court, a demurrer was overruled to the complaint and sustained to the third and fourth paragraphs of the answer; and to the sustaining of this demurrer and the exclusion of evidence offered on the trial to support the averments contained in the answer exceptions were taken, and error is assigned thereon in this court, a judgment having been rendered for the amount of interest due by the terms of the note.

In support of the errors assigned, the decision in the case of *Comparet* v. *Ewing*, 8 Blackf. 328, is cited, where it was declared, that "if a creditor receive the principal sum due him, he cannot afterwards sue for the interest." This was so held in an action upon a note "with interest from date." The cases cited to sustain this ruling, are *Dixon* v. *Parkes*, 1 Esp. 110; and *Tillotson* v. *Preston*, 3 Johns. 229.

In regard to the last case, it may be remarked, that there was no agreement to pay interest, and that the court of errors of the State of New York had, more than ten years

before the case was cited as sustaining the ruling in *Compa-ret* v. *Ewing*, held, expressly, that the rule did not apply to a case where there was an express agreement in the note or obligation to pay interest. The Chancellor used this language:

"The counsel for the plaintiff in error are wrong in supposing that the rule of law, that an action cannot be sustained for the interest of a demand after the principal has been paid, is applicable to this case. The cases of *Tillotson* v. *Preston*, 3 Johns. 229; *Johnson* v. *Brannan*, 6 id. 268; and *People* v. *County of New York*, 5 Cow. 331, were all cases in which there was no contract for the payment of interest, and it could only be recovered as damages for the non-payment of the principal debt when it became due. In such cases, if the party to whom the money is payable accepts the amount agreed to be paid, in full satisfaction of the principal debt, without requiring the debtor to pay interest from the time the debt became payable, he cannot afterwards maintain an action for the mere incidental damages which he has sustained by reason of the debt not being paid upon the very day when it became due. But where there is an express agreement to pay the interest, as well as the principal, of the plaintiff's demand, I apprehend that the performance of one part of the agreement would be no bar to an action for the non-performance of another part thereof. It is a case of very frequent occurrence, that the interest is made payable before the principal becomes due; and no one ever doubted that, in such a case, an action could be maintained for the non-payment of the interest merely." *Fake* v. *Eddy*, 15 Wend. 76.

The case of *Tillotson* v. *Preston*, considered with the case of *Fake* v. *Eddy*, decided in 1835, was, therefore, in direct conflict with the decision of *Comparet* v. *Ewing*.

The other case cited, from 1 Esp. 110, held simply, "that the plaintiff could not, in the present form of action, recover the interest, having received the principal;" and this, on the ground that interest in such action could only be

given by a jury, in the form of damages, and not by virtue of an express contract. This construction was placed on this case in *The White Water Valley Canal Co.* v. *Hawkins*, 4 Ind. 474. But the distinction between the right to recover interest by reason of a stipulation in the contract, and the recovery which the jury gave by way of damages only, was plainly stated in *Watkins* v. *Morgan*, 6 C. & P. 661, decided in 1834, and might not unreasonably have suggested a doubt in regard to the propriety of citing the case of *Dixon* v. *Parkes* to sustain the ruling in *Comparet* v. *Ewing.*

The statute in force when the note was given upon which the action in the latter case was brought, expressly authorized the recovery of interest where it was contracted for. Rev. Laws 1831, p. 200. So that the decision was, in effect, that where by law a certain sum is due by contract, it may be discharged by the payment of a less sum; a rule not elsewhere recognized as founded in reason or authority, at that date or since.

But whatever the state of the authorities at the time that decision was announced, there ·can be question now of its unsoundness. Parson declares, that "interest, if expressly promised to be paid, is as much a part of the debt as the principal." 2 Notes and Bills, 375. "But if the principal has been paid, or a new note or bill given for it, and interest which was due was not paid, it remains due, and an action may be maintained for it." Id. 398.

The rule is stated to the same effect in Edwards on Bills and Promissory Notes, p. 719.

The demurrer was properly sustained to the third paragraph of the answer. The decision in the case of *Comparet* v. *Ewing*, must be regarded as overruled.

The demurrer to the fourth paragraph was correctly sustained on the authority of *Robbins* v. *Dishon*, 19 Ind. 204.

The judgment is affirmed, with ten per cent. damages and costs.

*J. S. Scobey, E. R. Monfort, C. Ewing,* and *J. K. Ewing,* for appellant.

*W. Cumback, S. A. Bonner, J. Gavin,* and *J. D. Miller,* for appellee.