### MARKS *v.* THE TRUSTEES OF PURDUE UNIVERSITY.

COUNTY TREASURER.—*County Order.*—*Refusal to Pay or Endorse.*—*Personal Liability.*—*Damages.*—Where a county treasurer, having in his hands money applicable to the payment of a lawful county order, drawn upon him by the county auditor, in favor of the person entitled thereto, refuses to pay the same when duly presented to him for that purpose, or, not then having any such money, refuses to endorse thereon "not paid for want of funds," he thereby becomes personally liable to such person for six per cent. interest on the amount of such order, from the date of such refusal, as damages therefor.

SAME.—*Defence.*—It is no defence to such action that such refusal by the defendant was upon the ground that he believed the issuing of such warrant to have been without authority of law, and that he has since, in obedience to the mandate of the proper court, paid over the principal, only, of such warrant.

SAME.—*Payment.*—*Interest.*—Where lawful interest has accrued upon a matured principal, the payment of the latter, only, is no bar to an action for the former.

PRACTICE.—*Demurrer.*—*Harmless Error.*—Where matter alleged in one paragraph of a pleading is admissible under another, error in sustaining a demurrer to the former, only, is harmless.

SAME.—*New Trial.*—*Assignment of Error.*—*Excessive Damages.*—Error in the assessment of damages on the trial of a cause is ground for a new trial, but is not a proper assignment of error, on appeal to the Supreme Court.

SAME.—*Demurrer.*—The action of the court upon a demurrer to a pleading in a cause is not ground for a new trial.

From the Tippecanoe Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*J. R. Coffroth* and *J. A. Stein,* for appellees.

HOWK, J.—In this action, the appellee was plaintiff, and the appellant was defendant, in the court below. Appellee's complaint alleged, in substance, that it was a corporation, under and by virtue of an act of the General Assembly of this State, entitled "An act accepting certain donations from John Purdue and others, and locating· and naming the college contemplated by the act of Congress, approved July 2, 1862, providing for its organization and management, adding a member to the trustees of the Indiana Agricultural College, and changing the corporate

name of said trustees, and declaring an emergency," approved May 6th, 1869, 1 R. S. 1876, p. 60; that on the 7th day of June, 1870, the appellee received a certain county order, drawn by the then auditor of Tippecanoe county, Indiana, in these words, to wit:

" No. 2131.            LAFAYETTE, IND., June 7th, 1870.

" Treasurer of Tippecanoe County: Pay to Martin L. Pierce, treasurer board of trustees of Purdue University, ten thousand dollars, subject to the payment of all delinquent taxes, for first instalment of appropriation made January 14th, 1869.

" $10,000.

    (Signed,)            "A. J. CASTATER, A. T. C.

" H. GATES, Deputy."

That said Martin L. Pierce was then appellee's treasurer, and on said 7th day of June, 1870, he presented said order for payment to appellant, then the treasurer of said county, at said treasurer's office, who then and there had funds of said county applicable to the payment of said order in his hands, more than sufficient to pay said order; that appellant refused, on said presentation, to pay said order, or to endorse thereon that it was not paid for want of funds; that on the 22d day of June, 1870, at the May term, 1870, of the court of common pleas of said county, appellee filed its petition therein against appellant, praying for a mandate to compel him to pay said order, or, if it should appear that there was no money in the treasury of said county to pay the same, to make the endorsement required by law, to which petition the appellant appeared at said May term, and such proceedings were had, as that, at said term, to wit, on the 10th day of August, 1870, it was then ordered and adjudged that the appellant should pay the said order of ten thousand dollars, and the costs of suit; that, from said order and judgment of the said court of common pleas, the appellant appealed to the Supreme Court, where the said order and

judgment, on the — day of ——, 1872, were in all things affirmed; that afterward, on the 28th day of March, 1872, appellant paid to the clerk of said court of common pleas ten thousand dollars, saying, claiming and directing at the time, that he paid said sum in obedience to the mandate of said common pleas court, under the decision of the Supreme Court, which sum, on the same day, the appellee, by its said treasurer, Pierce, drew from said clerk, giving a receipt therefor in these words, to wit:

" Received of Dan'l Royse, clerk, March 28th, 1872, ten thousand dollars in full of said amount, paid to him by Jacob F. Marks, ex-treasurer of Tippecanoe county, being amount of the original county order, less interest and cost.  [Signed,]  M. L. PIERCE,
" Treasurer of Purdue University."

And the appellee charged, that, during all the time intervening between the said 7th day of June, 1870, when payment of said order was refused by appellant, up to said 28th day of March, 1872, when he paid said ten thousand dollars to the clerk, said ten thousand dollars was in the appellant's personal use and control, and that, by lending the same to other parties and by the use of it himself, he realized and received, as interest on said sum, moneys amounting to one thousand five hundred dollars, all of which rightfully and legally belonged to appellee, who, on said 28th day of March, 1872, demanded the same of appellant, but the payment of which he refused and had ever since refused; wherefore appellee demanded judgment for three thousand dollars damages, etc.

Appellant demurred to this complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court below, and to this decision appellant excepted.

Appellant then answered, in three paragraphs, the appellee's complaint, as follows:

First.  A general denial;

Second.  In the second paragraph of his answer, ap-

pellant admitted, that, on the 7th day of June, 1870, he was treasurer of Tippecanoe county; that, on said day, the county order for ten thousand dollars, mentioned in the complaint, was drawn by the county auditor, and the presentation of said order by appellee's treasurer to appellant he also admitted; but he said that he refused to pay said order, because he had no funds 'in his hands at that time applicable to the payment of said order, and because he believed said order was issued without any warrant or authority of law, and, for the same reason, he refused to endorse the order not paid for want of funds; and appellant also admitted the proceedings of appellee against him, by mandate, in the court of common pleas of said county, the order and judgment of said court therein, his appeal therefrom to the Supreme Court and its affirmance of said order and judgment, as the same were alleged in appellee's complaint; and the appellant alleged, that afterward, on the — day of ——, 1872, in obedience to the judgment of the Supreme Court, he paid into the office of the clerk of the court below the sum of ten thousand dollars, and took his receipt therefor in the words and figures following, to wit:

"Received of Jacob F. Marks, ex-treasurer of Tippecanoe county, ten thousand dollars, which he claims to now pay in obedience to this mandate, under the decision of the Supreme Court, March 28th, 1872.

"DANIEL ROYSE, Clerk."

And that, on the same day, the appellee, by its treasurer, received and accepted said sum of ten thousand dollars, and receipted therefor, setting out a copy of the same receipt set out in appellee's complaint. And appellant averred, that he held said sum of ten thousand dollars as the treasurer of said county, and in no other or different capacity, and that was the whole sum received and retained by him as applicable to said order and judgment. Wherefore, etc.; and,

Third. The third paragraph of appellant's answer sets

out the record of a suit commenced on the 27th day of July, 1870, in the court below, by one Orra Dawson, against the appellant and others, the object of which suit was to enjoin the issue and payment of certain county orders, including the one described in appellee's complaint in this action, and the judgment of the court below in said suit, against said Orra Dawson, and her appeal from that judgment to the Supreme Court.  And appellant then averred, that when said county order was issued, there was no money in the county treasury to pay the same, or out of which said order could have been paid, until the said 27th day of July, 1870, on which day the said Orra Dawson commenced her said suit, and that said .order was not protested, on account of an agreement with the appellee, that, as to the validity of said order and to determine the power of the county commissioners to make such an appropriation, the appellee would and did institute a suit, and, before the determination thereof, the said Dawson suit was commenced, and that, during the pendency of said appeal and until the final decision thereof, when the said money came into the treasury, he held the same in the treasury, subject to the order and judgment of the court, ready and willing at all times to pay the same over, if the court, on final hearing, should adjudge the appellee entitled thereto ; that, during all said time, he neither received nor accepted any interest for the same, and that he held said sum of ten thousand dollars in his capacity as treasurer of Tippecanoe county, and not otherwise; and that immediately upon the decision of the Supreme Court in appellee's favor, he paid said money to the appellee, which was accepted and received in full discharge of his liability on said order; wherefore, etc.

Appellee demurred to the second and third paragraphs of appellant's answer, for the want of sufficient facts in each paragraph to constitute a defence to this action, which demurrers were severally sustained by the court below, and to each decision the appellant excepted.  And

the action, being at issue on the general denial, was tried by the court without a jury, and the court found for the appellee, and assessed its damages at the sum of one thousand two hundred and forty-six dollars and twenty-eight cents. On written causes filed, appellant moved the court below for a new trial, which motion was overruled, and to this decision the appellant excepted. And judgment was then rendered by the court below for the damages assessed, from which judgment this appeal is here prosecuted.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In overruling appellant's demurrer to appellee's complaint;

2d. In sustaining appellee's demurrer to the 2d paragraph of the appellant's answer;

3d. In sustaining appellee's demurrer to the 3d paragraph of the appellant's answer;

4th. In the assessment of damages against the appellant; and,

5th. In overruling appellant's motion for a new trial.

These alleged errors we will consider, and pass upon the questions thereby presented, in the same order in which they are assigned. And, first, did the court below err in overruling appellant's demurrer to appellee's complaint? It is insisted by appellant's counsel, that the complaint was bad on demurrer, because it showed upon its face that the principal of the county order, mentioned in the complaint, had been paid, and that the action was brought solely for the recovery of interest alleged to have accrued on said county order. It was once the law in this state, that "If a creditor receive the principal sum due him, as such, there is nothing on which to sustain an after action: he can not sue for the interest." *Comparet* v. *Ewing*, 8 Blackf. 328. But this doctrine has since been expressly overruled by this court, in the case of *Robbins* v. *Cheek*, 32 Ind. 328. The law of this State now is, that, if the

principal has been paid, and interest which was due was not paid, the interest will remain due, and an action may be maintained for the recovery of such interest. 2 Pars. Notes & Bills, 398. In our opinion, appellee's complaint in this case stated a good cause of action against the appellant, and his demurrer to said complaint was, therefore, properly overruled.

The second and third alleged errors relate to the decisions of the court below, in sustaining appellee's demurrers to the second and third paragraphs of appellant's answer, and may well be considered together. It is clear, we think, that the facts alleged in the second paragraph of the answer were wholly insufficient to constitute a defence to appellee's action. But, if it were conceded that the court below had erred in sustaining appellee's demurrers to both the second and third paragraphs of appellant's answer, we would be compelled to hold, that these errors were entirely harmless. For there was not a single fact, matter, or thing alleged in either of the said paragraphs which might not have been given in evidence under the first paragraph of appellant's answer. To erroneously sustain a demurrer to a paragraph of answer, when all the facts alleged therein are admissible in evidence under another paragraph of the answer, is a harmless error, for which a judgment will not be reversed. *Wolf* v. *Schofield,* 38 Ind. 175, and *Strough* v. *Gear,* 48 Ind. 100.

The fourth alleged error is merely a cause for a new trial, and, assigned as error in this court, it presents no question for our consideration.

The fifth alleged error of the court below is its decision, in overruling appellant's motion for a new trial. In this motion, the causes for a new trial were as follows:

1. That the finding and decision of the court below were not sustained by sufficient evidence;

2. That the finding and decision of the court were contrary to law;

3. That the amount of the finding was excessive; and,

4. That the court erred in sustaining the demurrers to the second and third paragraphs of appellant's answer.

The matter stated in the alleged fourth cause is not a proper cause for a new trial. If the court below was right in finding for the appellee, the amount of the damages could not, under the evidence, have been less than it was. So that the only question presented for our consideration by the fifth alleged error is this: Were the finding and decision of the court below sustained by sufficient competent evidence?

As pertinent to this question, we set out a part of the evidence of the appellant, who was a witness on the trial, in his own behalf. He testified as follows: "I had all the county moneys on deposit. I was receiving six per cent. interest. I retained this money when I went out of office, and left it in Fowler's Bank, at six per cent. interest. My reports as treasurer will show what money I had on hand when the order was presented for protest. I retired from office August 2d, 1871. The report of the treasurer, June, 1870, shows twenty-eight thousand three hundred and twenty-two dollars and seventy cents on hand. I had all that sum on deposit at various banks." This is appellant's statement, under the sanction of his oath, and it suggests this inquiry: What right, legal, equitable or moral, has the appellant to the interest he "was receiving" on the ten thousand dollars, which, under the law, he ought to have paid to the appellee, on the 7th day of June, 1870? It can not be said that this interest was the property of the appellant, or that he had any just claim thereto. It was the legal increase of the ten thousand dollars which belonged to the appellee, during the time the appellant withheld payment of the principal sum, and it belonged of right to the appellee, and not to the appellant.

But we need not and do not put this case, or our decision thereof, solely upon the ground that the appellant

had received interest which rightfully belonged, not to him, but to the appellee. For, under the admitted fact, in this action, that the appellant, as treasurer of Tippecanoe county, on the proper presentation to him, at his office, of the county order mentioned in appellee's complaint, had refused either to pay said order or to endorse thereon " not paid for want of funds," as it was clearly his official duty to do, we are bound to hold, that the appellant rendered himself personally liable to the appellee for the damages resulting from this breach of his official duty, the measure of which damages would be six per cent. interest on the amount of said county order, from the time of such presentation and refusal until he paid said order or made the proper endorsement thereon. *Marks* v. *The Trustees, etc.,* 37 Ind. 155.

In our opinion, therefore, the finding of the court below, in this cause, was fully sustained by sufficient evidence, and the appellant's motion for a new trial was correctly overruled.

The judgment of the court below is affirmed, with five per cent. damages, at the costs of the appellant.