**SCHRAM v. BROOKS.**

No. 1921.

District Court, E. D. Michigan, S. D.

Nov. 14, 1941.

Robert S. Marx, Carl Runge, and Roy G. Holmes, all of Detroit, Mich., for plaintiff.

John R. Watkins, Frederick W. Seitz, and Leonard A. Keller, all of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. Plaintiff, B. C. Schram, is the duly appointed, qualified and acting receiver of First National Bank-Detroit, an insolvent national banking association, here engaged in winding up the affairs of said bank, claiming judgment against the defendant, Frank W. Brooks, Jr., as endorser of a negotiable promissory note held by plaintiff as receiver of said bank. Defendant is a citizen and resident of this District.

2. On January 23, 1933, one J. Alfred Grow, as maker, executed and delivered to said First National Bank-Detroit, as payee, a promissory note in the amount of $20,900, payable thirty days after date, bearing interest at 7% per annum after maturity. This note was signed by defendant as accommodation endorser, and judgment is here sought against him, as such endorser, for the unpaid balance of said note, on which presentment, demand, protest and notice were expressly waived by defendant.

3. As collateral security for said note, the maker thereof pledged term insurance policy No. 364,398, issued on his life January 12, 1929, by the Connecticut General Life Insurance Company of Hartford, and 1,500 shares of the capital stock of Homer Warren & Co., a Michigan corporation.

4. On January 18, 1939, defendant executed and delivered to plaintiff a written acknowledgement of his indebtedness on said note, by the terms of which writing he expressly promised and agreed to fully and completely perform, comply with, and carry out the promises, undertakings and agreements contained in or arising from said note.

5. Unknown to defendant, in the interim between the execution of said note of January 23, 1933, and defendant's execution of said acknowledgement and extension agreement of January 18, 1939, the plaintiff, in accordance with the express directions of the Comptroller of the Currency and an order of a court of record, had entered into (and subsequently consummated) a settlement arrangement with the maker of said note, whereby, reserving plaintiff's right of recourse against defendant as endorser, in consideration for payment by said maker of the amount of unpaid principal due on said note, $18,351.02, over a period of three years, plaintiff returned to said maker his collateral and gave him a covenant not to sue.

6. As of December 29, 1939, when final payment of this $18,351.02 settlement was made by said note-maker, the accrued interest on said note was $6,141.90, and plaintiff credited $1 of this final payment on interest, showing then a principal balance of $1 and accrued interest of $6,140.90.

7. On June 13, 1940, plaintiff instituted this suit against defendant, as endorser, for $6,141.90, specified as $1 principal and $6,140.90 interest, on said note.

8. In defense of this action defendant claimed:

(a) That the plaintiff had obligated himself with the maker of this note to apply the total payment of $18,351.02 on the principal of the note, and plaintiff should be deemed in legal contemplation to have done so; that thereby the principal of said note was paid, and as a matter of law when principal of an obligation is fully paid the obligation to pay interest is extinguished;

(b) That plaintiff's release of the note-maker automatically discharged defendant-endorser;

(c) That plaintiff extended the time of payment for said note-maker, which automatically discharged said defendant endorser;

(d) That from the time of entering into the settlement arrangement with the note-maker until the time of returning his collateral to him by plaintiff, the value of the collateral was in excess of plaintiff's demand herein, and as a matter of law this return of collateral to the note-maker discharged defendant-endorser;

(e) That the acknowledgement of debt and extension agreement signed by defendant on January 18, 1939, was insufficient in law to extend the statutory limitation period because:

(I) Defendant signed the same without knowledge of the facts relative to the note-

maker's settlement with plaintiff, which facts defendant claims operated to discharge him; and

(II) That there was no consideration for defendant's execution thereof.

9. On the face of said promissory note, among other things, appears the following: "Presentment, demand, protest and notice are hereby waived by each endorser. Enforcement or preservation of any lien hereunder, or otherwise held, or liability of any party hereto or to any guaranty or other undertaking, are hereby waived by each and every party hereto, original or subsequent, and the holder hereof may deal with any such lien or liability as if there was no other party hereto."

### Conclusions of Law

1. District Courts of the United States have jurisdiction of cases for winding up the affairs of a national banking association, which includes the instant case. 28 U.S.C.A. § 41(16).

2. Where interest is expressly agreed upon in a contract, it is a distinct part of the consideration bargained for, definitely ascertainable as to amount by mathematical computation; and the payment of the principal does not extinguish the part of the contractual obligation to pay the interest which has accrued, nor preclude a suit for its recovery. Restatement of Contracts, § 76(c); New York Trust Co. v. Detroit, T. & I. Ry., 6 Cir., 251 F. 514; Robbins v. Cheek, 32 Ind. 328, 2 Am.Rep. 348; Girard Trust Co. v. United States, 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524; State Banking Com'r v. Trust Co., 293 Mich. 76, 291 N.W. 228. See, also, Annotations in 40 L.R.A.,N.S., 588, and 100 A.L.R. 96.

3. A national bank receiver's authority is limited by the statute under which his office is created, and those dealing with him are chargeable with notice of the limitations of his authority. Such receiver can only compromise a bank obligation in accordance with the express directions of the Comptroller of the Currency of the United States and an order of a court of record. 12 U.S.C.A. § 192.

4. Release of the note-maker does not discharge an accommodation-endorser where, as here, the plaintiff-holder's right of recourse against such accommodation-endorser is expressly reserved by the plaintiff in accordance with directions of the Comptroller of the Currency and order of a court of record. 1929 Mich.Comp.Laws, § 9369(5); Mich.Stat.Ann. § 19.162.

5. An agreement to extend the note-maker's time of payment or to postpone the holder's right to enforce the instrument does not discharge an accommodation-endorser where, as here, the plaintiff-holder's right of recourse against such accommodation-endorser is expressly reserved by the plaintiff in accordance with directions of the Comptroller of the Currency and order of a court of record. 1929 Mich.Comp.Laws, § 9369(6); Mich.Stat. Ann., § 19.162.

6. There appears to be no Michigan interpretation in the conflicting state decisions as to whether or not inclusion in the Uniform Negotiable Instrument Law of express provisions relative to ways of discharging a person secondarily liable on a promissory note by inference excludes the suretyship defense of surrender of collateral to the principal obligor. Assuming, without deciding, that this suretyship defense, which defendant has here interposed, is available under Michigan law in the circumstances here involved, an obligor on a negotiable instrument may waive in advance the benefit of such a law intended for his advantage or protection, and this was done by the express wording of the involved note, quoted in Finding of Fact Number Nine. 1929 Mich.Comp.Laws, § 9369; and § 9254; Mich.Stat.Ann. § 19.-162; and § 19.47. For collected cases on conflicting interpretations re suretyship defenses under N. I. L. see: Brannan's N. I. L., 6th Ed., § 120(6); 4 Williston on Contracts, Rev.Ed., § 1190; Vernon Center State Bank v. Mangelsen, 166 Minn. 472, 208 N.W. 186, 48 A.L.R. 715; Peter v. Finzer, 116 Neb. 380, 217 N.W. 612, 65 A.L.R. 1425; Mortgage Guarantee Co. v. Chotiner, 8 Cal.2d 110, 64 P.2d 138, 108 A.L.R. 1088.

7. A written acknowledgement of indebtedness on a specific obligation, signed by an obligor, by which, as here, he expressly acknowledges the obligation, promising and agreeing to fully and completely perform, comply with, and carry out the promises, undertakings and agreements contained in or arising from such obligation, is sufficient to toll and extend the statutory limitation period. Such an instrument is binding and effective without consideration other than the existing obligation. Of course, this is ipso facto true where, as here, at the time of execution of

such acknowledgement and extension agreement there was no fact or law excusing or discharging the obligor from his original obligation. 1929 Mich.Comp.Laws, § 13984; Restatement of Contracts, § 86.

8. This suit was instituted within six years of the time defendant signed such acknowledgement of debt and extension agreement, and the action is consequently not barred by the applicable Michigan Statute of Limitations. 1929 Mich.Comp.Laws, § 13976.

A judgment shall be entered herein in favor of plaintiff and against defendant for $6,141.90, with costs taxable in plaintiff's favor, for which execution may issue.