GARNISS and another *vs.* GARDINER, administrator, &c. of M'LACHLAN, deceased and others.

---

Where part of an intestate's estate consisted of stock and the administrator, in 1819, had it transferred into his own name, received the dividends for years and mingled them with his own monies without being enabled to separate them : *Held*, that he was a trustee of the stock for the next of kin, must account for the dividends *pro tanto*, and be charged with interest upon the dividends from the times they were respectively received. The accounts of the stock were to be stated from 1819; and if the administrator had since sold out and invested the avails elsewhere, they were to be followed and whatever dividends or income he had received from reinvestments were, also, to be accounted for with interest.

As a general rule, executors, administrators and trustees are liable to pay simple interest where they unnecessarily retain the money in their hands, hold it an unreasonable time, mix it with their own private funds, use it in the way of trade or derive any personal advantage from it.

It is only in special cases and under peculiar circumstances, which must be

proved, that interest is to be compounded against them. It is confined to cases of wilful omission of duty and is not adopted in a case of negligence. A person in a fiduciary situation shall never be permitted to make gain to himself of the trust property in his hands.

1831.

GARNISS
v.
GARDINER.

THIS cause came before the court upon exceptions taken on both sides to the master's report.

Mr. A. *Burr*, for the complainants.

Mr. W. N. *Dyckman*, and Mr. S. A. *Talcott* for David Gardiner.

*Oct.* 12, 13. 1831.

*Administrator.*
*Liability for interest.*

It will be unnecessary to detail the circumstances of this case, as the only general important principle arose upon the accounting of the defendant, David Gardiner, as administrator, &c. of Alexander M'Lachlan deceased: whether he should be charged with interest, and if so, should it be simple or compound interest?

Upon this point in the cause, the following observations were made by

THE VICE-CHANCELLOR. The complainants, by their second exception, object to the report of the master, because he has not made up the account of moneys in David Gardiner's hands, with annual rests or so as to give the next of kin the benefit of interest upon the semi-annual dividends which it is alleged this defendant has constantly received upon the stocks in which the moneys of the estate were invested. The master, after ascertaining the balance up to the 31st day of December, 1819, has charged the defendant with simple interest from that time to the date of his report.

*February* 15, 1832.

The defendant, Gardiner, also objects to the report, because no interest ought to be charged against him. He is manifestly wrong. He ought not to go without being charged with something more than the capital: because he has derived an income from the estate ever since it has been in his hands. In-

17

deed, it becomes a very serious question, whether he ought not to be charged with more than simple interest for eleven years and upwards, during which time he has held the capital.

As a general rule, executors, administrators and trustees are liable to pay simple interest where they unnecessarily retain the money in their hands, hold it an unreasonable time, mix it with their own private funds, use it in the way of trade or derive any personal advantage from it.

It is only in special cases and under peculiar circumstances, which must be proved, that interest is to be compounded against them.

In the case of *Raphael* v. *Boehm,* 11 *Ves.* 92, an executor was expressly directed by his testator's will to place out money at interest in order that it might accumulate. But, contrary to this direction, he kept the money himself. The court allowed compound interest against him. The same thing was done in the court of chancery of South Carolina, in *Bowles* v. *Drayton,* 1 *Desau.* 489, and *Edmonds* v. *Crenshaw & M'Morries, Harper's Eq. Ca.* 224.

It would seem, however, that the allowance of compound interest is to be confined to cases of wilful omission of duty and ought not to be adopted where the executor, administrator or trustee has only been negligent: see *Tebbs* v. *Carpenter,* 1 *Mad. R.* 290, where *Raphael* v. *Boehm* and other English cases are reviewed.

Where an executor, administrator or trustee converts the trust money to his own use and employs it in trade or business, making profits of which he refuses to give any account, he may be charged with compound interest. In *Schieffelin* v. *Stewart,* 1 *John. C. R.* 620, a computation of compound interest was resorted to, in order to meet the profits which an administrator had made out of the trust property and which he would not disclose. This principle is founded upon the doctrine, that a person standing in a fiduciary situation shall never be permitted to make gain to himself of the trust property in his hands. In *De Peyster* v. *Clarkson,* 2 *Wend.* 77, it was contended *arguendo* that *Schieffelin* v. *Stewart* and the English cases there cited were not supported by authority. The court of errors, how

ever, expressed no opinion upon the point, as the cause was decided upon another ground. The case of *Schieffelin* v. *Stewart* has not been overruled; and, as far as my observation extends, it stands as an authority to be followed in similar cases.

The whole doctrine underwent an examination in *Wright* v. *Wright*, 2 *M'Cord's C. R.* 185, where *Schieffelin* v. *Stewart* was cited. *Nott*, J., in delivering the opinion of the court of appeals, expressly admits there are cases where common justice requires compound interest to be allowed and where great injustice would otherwise be done. And he states the only difficulty to be, in drawing, with precision, the line of distinction between those cases to which the rule should or should not be applied.

In the case before the court, one hundred and forty-five shares of Manhattan Bank stock, amounting to eight thousand seven hundred dollars and belonging to the estate of Alexander M'Lachlan, were transferred in 1819 on the books of the bank to the name of the administrator, the defendant, David Gardiner. He admits those shares were standing in his name at the time of putting in his answer; and, that he received the dividends. He further admits, that the moneys received by him on account of the personal estate and including the dividends upon the Manhattan stock (after disbursements as administrator) were mingled with his own moneys and used and appropriated by him as his occasions required: but having kept no separate account relative to those moneys, he cannot set forth how, at all times, the same have been disposed of, vested or employed. The stock must be considered as held in trust for the next of kin; and he ought to account for the dividends *pro tanto.* Upon the strength of the admission that such dividends have been used and appropriated by him as his occasions required, he ought to be charged with interest upon the several dividends from the times they were respectively received. On this principle the account should be stated from the year 1819, upon the one hundred and forty-five shares of Manhattan stock. If the defendant has since sold out the stock and invested the money elsewhere, it should be followed and whatever divi-

dends or income he has received from reinvestments ought, in like manner, to be accounted for with interest. This mode of computation does not require annual rests. It does not convert interest into principal for the purpose of computing interest upon the whole as principal from year to year and thereby charge the defendant with compound interest. It only charges him with the sums he may have received from time to time and with lawful interest on each sum from the time it was received to the making of the master's report. This, added to the capital or value of the investment, will then constitute the property in his hands to be distributed. Such a mode will not be at variance with the directions which were given by the late Chancellor in *Clarkson* v. *De Peyster*, which were sanctioned by the court of errors.