FELLOWS *vs.* HARRINGTON and others.

Where the condition of a bond, dated December 14, 1833, was that the obligor should pay to the obligee the sum of $3200, to be paid in manner following, viz. $1000 on the first of April next, the remainder in four annual payments thereafter, of $550 each, interest annually; *Held* that the obligee was not entitled to any interest during the interval between the date of the bond and the first of April, 1834, when the first payment was to be made.

THIS was an appeal, by the complainant, from an order of the vice chancellor of the third circuit, disallowing an exception to a report upon a reference to compute the amount due upon the complainant's mortgage. On the 14th of December, 1833, the complainant conveyed the mortgaged premises to the defendant H. Harrington for the consideration of $3200; but

Fellows *v.* Harrington.

by the terms of the conveyance was to retain possession until the first of April then next. And on the day of the date of the deed Harrington gave back to the complainant the bond and mortgage in question ; the condition of which bond was that the obligor should pay to the obligee the " sum of $3200, to be paid in manner following, viz : one thousand dollars on the first of April next, the remainder in four annual payments thereafter, of five hundred and fifty dollars each, interest annually."

Upon the reference the complainant's counsel insisted that by the terms of the bond he was entitled to annual interest from the date of the bond and mortgage. But that claim was disallowed, and the annual interest was only allowed from the first of April, 1834; when the first payment of $1000 became payable, and was paid. The vice chancellor upon an exception to the report sustained the decision, and overruled the exception.

*J. Koon,* for the appellant.

*W. H. Tobey,* for the respondents.

THE CHANCELLOR. Upon the face of the bond, independent of the presumption arising from the production of the deed showing when the interest would probably be made to commence, the decision appealed from is undoubtedly correct. The natural reading of the bond is that no interest is to be paid upon the first $1000, before it becomes payable on the first of April, 1834, and that the other $2200 are to be paid in four equal annual payments from that time, with the interest annually from the same time. And upon looking at the bond, with the erasure as noted in the attestation clause, it is perfectly clear that the parties so understood the condition of the bond at the time it was executed. For in the bond, as originally drawn, the condition was to pay $3200, " one thousand dollars on the first of April next, *with interest on the whole ;* the remainder in four annual payments thereafter of $550 each, inter-

Fellows *v.* Harrington.

est annually." It is evident therefore that the *annual interest* in the bond, as it was originally drawn, only related to the $2200, and was to commence on the first of April, 1834, and to be payable at the same time as the instalments of principal. And the parties having intentionally stricken out the words "with interest on the whole," which would have given to the mortgagee interest on the $3200 between the 14th of December, 1833, and the first of April, 1834, the mortgagee is not entitled to any interest during that period of time.

The order appealed from must, therefore, be affirmed with costs.