FRENCH *vs.* KENNEDY.

Where a bond and mortgage, bearing date March 18, 1831, were conditioned to pay "the just and full sum of $1256,50, with interest after the first day of April next, in fourteen equal annual payments on the first day of April of each and every year after the first day of next April;" *Held* that the true reading of the condition was that the obligor should pay $1256,50 in 14 equal annual instalments, such instalments to be paid on the first day of April in each year, &c. with interest, &c.; the meaning of which was that the interest on each instalment should be paid when the instalment became due, and not before.

When partial payments are made on a bond or other obligation, after the money has become due and payable by the terms of the instrument, the day on which the payment was to be made is to be disregarded, in the computation of interest. The rests are to be made at the times when the payments are *actually* made; unless the payment should fall short of the interest then due, in which case the rest is to be made when the first payment is received which, taken with the previous smaller ones, in the aggregate, exceeds the amount of interest due at the time.

In the case of an over-payment, which becomes a partial *ante-payment,* with respect to future instalments, the amount of such over-payment should be immediately applied to the principal and interest to become due on the next annual pay day; leaving the interest to be computed on the balance.

THIS was an appeal, by the defendant, from a judgment entered upon the report of a referee. The complaint was filed for the purpose of having a bond and mortgage executed by the plaintiff on the 18th of March, 1831, to one Luther Colton, surrendered and cancelled, on the ground that the whole amount due thereon had been paid, or tendered, by the plaintiff. The defendant Kennedy was the assignee of the mortgage. The condition of the bond was that the obligor should pay to the obligee the "just and full sum of $1256,50, with interest after the first day of April next, in fourteen equal annual payments on the first day of April of each and every year after the first day of April next." The plaintiff set forth, in his complaint, various payments made by him, upon the bond and mortgage, from time to time, and alledged that according to the rule of computation which he had adopted, and which he insisted was

the correct one, there was due to the defendant on the 15th day of May, 1848, a sum not to exceed $15, and that on that day he tendered that sum to him in full payment of the bond and mortgage, and requested him to execute a discharge thereof, but that he refused to receive the money or to execute a discharge. The plaintiff insisted that he was not bound to pay annual interest upon the sum secured by the bond and mortgage, but was to pay simple interest only, and to pay the interest upon each instalment as it became due and payable, from the first day of April, 1831. The defendant, by his answer, admitted the making of the several payments by the plaintiff, as stated in the complaint, and the tendering of the $15 by the plaintiff as alledged by him. And the defendant admitted that he refused to accept such tender, or to execute a discharge of the bond and mortgage, for the reason that he claimed there was a much larger sum due thereon than the amount tendered. And he averred that by a legal computation made of the amount due upon the bond and mortgage, there still remained due thereon the sum of $375,07 or thereabouts. And he claimed that he was entitled to recover the interest upon the whole sum secured to be paid by the said mortgage, to be computed from the said first day of April, 1831, up to the time when the payments made should exceed the amount of the interest which had accrued thereon; that the interest should then be added to the principal sum, the payment or payments thereon deducted from the gross amount of principal and interest; the balance forming a new principal upon which to compute the interest, and he claimed that the above was the legal way to compute the interest, upon the said mortgage.

On the hearing before the referee the plaintiff proved by Joseph F. Sabine that by a computation of the interest on said bond and mortgage, on the principle claimed by the plaintiff to be correct, there remained due on the 15th day of April, 1848, $11,49. It was admitted that a much larger sum, to wit, several hundred dollars, was due on said bond upon a computation of interest made on the principle claimed by the defendant in his answer.

The referee came to the conclusion that the words " 14 equal annual instalments," in the condition of the bond, referred to the principal, and not the interest ; leaving the terms of the payment of interest not especially defined, and decided that in such a case the payment should carry the interest. He accordingly made a computation showing that, upon this principle, there was, at the time the tender was made, less than $15 due upon the bond and mortgage. And he reported that the plaintiff was entitled to the relief prayed for in the complaint. Judgment was entered upon this report, and the defendant appealed.

*D. D. Hillis*, for the plaintiff.

*Geo. N. Kennedy*, defendant, in person.

*By the Court*, GRIDLEY, J. The defendant below, and appellant here, is the holder, by assignment, of a bond and mortgage executed by the respondent French, bearing date the 18th of March, 1831, conditioned to pay the just and full sum of " $1256,50, with interest after the first day of April next, in fourteen equal annual payments on the first day of April of each and every year after the first day of next April." The respondent filed his complaint upon the ground that he had paid and tendered the entire sum due on the above securities, and prays for a judgment that they be surrendered and cancelled. Upon the argument two questions become material. 1st. Whether by the terms of the bond annual interest on all sums unpaid is recoverable, or whether the interest on each instalment is payable at the same time with the instalment ; and 2dly. Whether, upon the principle last stated, by the legal mode of computation of interest, the amount paid and tendered on the mortgage was sufficient to pay the debt due thereon.

I. Upon the first question we are of opinion that the interest upon each instalment falls due when the instalment is payable, and not before. Interest is not payable before the principal on which it accrues, unless there be a special agreement to that effect. Here there is no such agreement. It is provided that

the instalments shall bear interest after a certain day, but it is not stipulated that such interest shall be paid before the instalments respectively fall due. It would be a most unusual construction to hold that the word instalments should apply to the interest as well as the principal; and the appellant does not contend for such a construction. The true reading of the condition of the bond is, that the obligor shall pay $1256,50 in fourteen equal annual instalments, such instalments to be paid on the first day of April in each and every year, &c. *with interest,* &c. The meaning of which is that the interest on each instalment shall be paid, when the instalment becomes due. The language of the instrument is not fairly susceptible of any other interpretation.

II. The second question involves the correctness of the mode of computing partial and overpayments adopted by the referee. The referee has struck balances on the first of April in each year, which has compelled him to compute interest on the payments made by the obligor. There have been some overpayments, and interest has been computed on them, and the aggregate amount applied to the amount due and payable on the next annual pay day. The appellant insists that this mode of computation is erroneous—that the true rule is, in the case of partial payments, to compute interest up to the time of the payment which either alone or with the prior payments, exceeds the interest due, making no rest at the annual pay day, unless such payment was made thereon; and that in the case of overpayments the amount of such overpayment should be immediately applied to the principal and interest to become due on the next succeeding annual pay day, leaving the interest to be computed on the balance.

In the case of partial payments the rule was laid down in the case of *Connecticut* v. *Jackson,* (1 *John. Ch. Rep.* 17,) in these words: "The rule for casting interest when partial payments have been made is to apply the payment in the first place to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of prin-

French *v.* Kennedy.

cipal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due; and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance of principal as aforesaid." The like rule is laid down in nearly the same words by the judges of the supreme court as a direction to their clerks in the computation of interest. (*See* 3 *Cowen*, 87, *note a.*) The same rule prevails in Massachusetts. (4 *Mass. Rep.* 103. 17 *Id.* 417. 1 *Pick.* 194. *See also the rule laid down in Walsh's Arithmetic, with an illustration;* 2 *Cowen's Tr.* 1005, 1006; *see also Perkins' Arithmetic,* 134 *to* 136.)

It seems, therefore, to be settled in this state that when partial payments are made on a bond or other obligation, after the money has become due and payable by the terms of the instrument, the day on which the payment was to be made is disregarded in the computation of interest. The rests are made at the times when the payments are *actually* made; unless any should fall short of the interest then due, in which case the rest is made when the first payment, which, taken with the previous smaller ones, in the aggregate, exceed the amount of interest due at the time, is made. The mode of computing the interest in this case is, therefore, in this respect, erroneous.

In the case of an overpayment, which becomes a partial *antepayment*, with respect to future instalments, the rule is settled as the appellant insists it should be, in *Williams* v. *Houghtaling,* (3 *Cowen*, 86.) This is a different rule from that laid down in *Tracy* v. *Wilkoff*, (1 *Dallas*, 124,) but it is an adjudication expressly in point, from our own reports, and we are bound to follow it, though it will generally be more difficult of application than it was in the case cited. By this rule the antepayment is to be applied to a portion of the future instalment and the interest on that portion.

It will follow that the sum tendered may be found insufficient to pay up the amount remaining due and payable on the securities in question. Therefore the judgment must be reversed,

and the cause be referred back to the referee to make a new report, adopting the principle of computation above laid down, unless the parties agree upon the amount.

Judgment accordingly,

