BENNETT v. COOK.

*Payment — what is — Interest — on payments to mortgagee in possession —
annual rests — Costs — when charged personally.*

The mortgagee in possession of lands received certain sums for land damages
for lands taken by a railroad company and by the State. *Held*, that such
sums should be deemed payments on the mortgage, and the ordinary rule of
computation of interest applicable to mortgages should be adopted.
In an accounting when the judgment or order does not so direct, annual rests
should not be made, and annual rests will not be required on the accounting
of a mortgagee in possession where the interest is in arrear at the time he'
takes possession, nor until the mortgage debt is paid.
The costs of an appeal, charged upon appellants personally, where the pay-
ment out of an estate might work injury to the respondents.

APPEAL by defendants from a judgment in favor of plaintiffs
entered upon the report of a referee.

The action was brought in Schuyler county by Green Bennett
against Charles Cook, to redeem from defendant certain lands
held by him under the following circumstances:

In December, 1848, one Alva Nash owned a contract for the
lands in question, executed between himself and one Samuel Wat-
kins. Nash was insolvent. Among his debts were two drafts
drawn upon one D. N. Bedient of $2,000 each and a note of $600.
On these drafts and on this note plaintiffs were prior indorsers, and
Charles Cook was a subsequent indorser. Nash made a general
assignment to plaintiffs for the benefit of his creditors, and assigned
the said Watkins' contract to Charles Cook as security for his
indorsement on said drafts and note and certain other liabilities.
Under this contract Cook, in November, 1849, obtained from
Watkins a deed of the premises and took possession thereof, and he
and his heirs continued in possession until the commencement of
the action. At the time Cook obtained this deed he purchased
additional lands of Watkins which were conveyed by the same deed.
After the assignments were made the note of plaintiffs, indorsed by
Cook, was exchanged for the drafts and note aforesaid with the
Chemung Canal Bank, which then held the drafts and $600 note,
and at Cook's request an action was commenced against Bedient on
the drafts, but nothing was realized thereon.

The new note was renewed several times and finally paid to the

bank by Cook, who brought suit thereon against plaintiffs and recovered judgment, which judgment the plaintiffs paid Cook from their own funds or property on February 21, 1853.

In the present action, plaintiffs claimed that they were entitled to redeem said premises as assignees of Nash, or in equity to be subrogated to Cook's interest in said premises, on the payment to Cook of any sums unpaid for which he held said premises as security. Cook resisted this action, claiming to be the absolute owner of said premises.

The action was tried before a referee, from whose decision both parties appealed. An appeal was taken by plaintiff from the decision of the general term and the judgment entered thereon, to the court of appeals, where the decision of the referee was upheld. The case is reported 45 N. Y. 268, where a full statement of facts is given. The principal question involved in the case which was decided by the court of appeals, was that plaintiffs were entitled to be subrogated to Cook's interest in said premises.

An accounting was ordered before a referee, after the decision of the court of appeals, and from his findings on such accounting this appeal is taken.

During the pendency of the action, one Green Bennett was added as co-plaintiff, and upon the death of defendant Charles Cook, Elbert W. Cook and others, his personal representatives and heirs, were substituted as defendants.

*J. McGuire*, for appellants.

*N. A. Halbert*, for respondents.

Bockes, J. The rights of the parties in this action on all the principal issues were definitely settled by the decision of the court of appeals, reported in 45 N. Y. 268. That decision left nothing open for further examination, except such questions as should arise on the accounting, which had then been directed, and which direction for the accounting was sanctioned by that court. It was then decided that the plaintiffs were entitled to subrogation, and judgment absolute was directed for the plaintiffs in accordance with the report of the referee, Bradley, before whom the action had been fully tried on the merits. He held that the plaintiffs were entitled to be subrogated to the rights of Charles Cook, deceased, in the

premises described in the complaint, to the extent declared in his report, and directed a sale of the premises to satisfy such amount as should be found due to the plaintiffs on an accounting, and with a view to fix and determine such amount an accounting was ordered.

The decision of the referee, including his direction for the taking of the account, was affirmed by the court of appeals, whereupon, the case having been remitted to this court, an order was entered referring it to Mr. Comstock, as referee, to take the account. Pursuant to such order he proceeded with the accounting and made his report, and final judgment was entered as sanctioned and directed by the court of appeals. It thus appears that there are no questions in the case undetermined by the court of appeals, except such as have arisen on the taking of the account. As to all questions other than those arising on the accounting, we are concluded by the decision of that court. But the proceeding before the referee, in taking the account, having occurred since that decision was made with a view to carry it into effect, are still open to review. This proceeding will now be considered.

The order of reference, made on the filing of the remittitur from the court of appeals as to the taking of the account was as follows: "That either party be at liberty to proceed with the accounting herein, to ascertain the rents and profits of the premises, also the value or proceeds which Chas. Cook, deceased, and defendants have received on account of sales of any part of said premises, or of damages thereto, or from awards made by the State or any persons or corporations for damages, or for parts of said premises taken for public or private purposes, as alleged in the pleadings herein, and to ascertain the amount due plaintiffs and defendants respectively as directed in said report" (the referee's report theretofore made).

Subsequently Mr. Comstock was appointed referee to carry out the provisions of this order. He heard the proof submitted by the parties, and made his report, by which he found due, at the date thereof, to the plaintiffs $14,632. 53, and to the defendants $5,463.52, to satisfy which sums the premises were held to be liable according to the judgment sanctioned by the court of appeals. The question now is in regard to the correctness of these sums found by the referee.

The referee found and stated the aggregate amount in favor of

Cook, for the claims presented, to be $12,207.47. From this amount he made deductions as follows:

| | | |
|---|---|---|
| Amount of damages received from R. R. Co........... | $150 | 00 |
| Interest from April 1, 1850......................... | 237 | 48 |
| Amount of damages received from State.............. | 900 | 00 |
| Interest from April 1, 1855....................... | 1,109 | 82 |
| For use of premises from April 1, 1850, to April 1, 1872, less $433.25 incurred for repairs.............. | 4,706 | 75 |
| | $6,803 | 95 |

(There seems to be an error here of ten cents in adding these items; but it is of no substantial importance.) This sum of $6,803.95, deducted from $12,267.47, leaves $5,463.52, the amount stated by the referee.

Now, it is not suggested that there was any error in the making up of the allowance to Cook of the aggregate sum of $12,267.47 above given. As regards this amount the statement of the account stands unchallenged. Nor is any objection urged by the defendant's counsel to the items of $150, and $900 received by Cook for land damages. But it is insisted that, in stating the account, these sums should have been applied on interest due Cook at the time they were respectively received by him. Hence that the interest on them, amounting to $1,347.30, was erroneously included in the deduction made by the referee. I should regard this ground of error in the statement of the accounts well taken, were it not obviated by the agreement on stipulation made by the counsel for the respective parties on the hearing before the referee. According to the case it was agreed by the counsel on the hearing, that these items of $150 and $900, "and interest on same," should be allowed by way of deduction. The defendants cannot allege error against their express stipulation made on the hearing. It appears that the agreement embraced several important matters in the accounting other than this one in regard to the allowance of interest on those items. For aught that appears, mutual concessions were made by the parties in their agreement, and the stipulation to allow interest to be computed on those items may have had an equivalent, or at least what was deemed an equivalent in some other subject embraced therein. But, be this as it may, the stipulation was

made on the hearing, and the parties must be held to be concluded by it.

Without such stipulation I am of the opinion that interest on those items should not have been allowed. Cook held the position of mortgagee as to those premises, for the several sums stated by the referee in the account, hence those items received by him for the land damages should be deemed as payments to him, and the ordinary rule of computation of interest applicable to mortgagor and mortgagee, where payments have been made, should have been adopted. The rule of computation in such case is laid down in *Williams* v. *Houghtaling*, 3 Cow. 86, and in *Jencks* v. *Alexander*, 11 Paige, 625; also in the following cases: *State of Connecticut* v. *Jackson*, 1 Johns. Ch. 17; *French* v. *Kennedy*, 7 Barb. 452; *Stone* v. *Seymour*, 15 Wend. 19. But this case must be held to be controlled by the stipulation entered into by the parties on the hearing.

2. It is further urged that the defendants were improperly charged as to amount, for the rents and profits of the premises. But the sums settled on by the referee seem to be abundantly sustained by the admissions and proof submitted. The amount to be allowed for rents and profits was a question of fact on the evidence; and it is not made to appear that the referee erred in his findings in that regard.

3. It is further urged that the referee should have made annual rests in his computation. As a general rule, annual rests are not to be made on an accounting, unless the judgment or order of the court so direct. Such direction was not given in this case. The making of annual rests would have charged the party with compound interest. This is not admissible in a case like the present. Cook, like a mortgagee in possession, was accountable for the rents and profits of the premises; but the court will not require annual rests to be made, where interest on the debt is in arrear at the time when the mortgagee takes possession, nor until the principal mortgage debt is entirely paid off. 2 Story's Eq. Juris., § 1016 a. Compound interest is only allowable in cases of gross delinquency or of intentional violation of duty. *Lansing* v. *Lansing*, 45 Barb. 182; *Garniss* v. *Gardiner*, 1 Edw. Ch. 128. The question as to the allowance of compound interest was examined at considerable length in the case last cited; and the rule is recognized that compound interest should be allowed only in those cases where common justice requires it, and where great injustice would otherwise be

Bennett v. Cook.

done. In the case at bar, its allowance in the way proposed through annual rests, would, I think, be very manifestly inequitable. There was no delinquency or violation of duty shown; and at the time Cook became chargeable with the rents and profits, and during all the time he was charged with them, interest was due him on his claims secured by the premises, to an amount exceeding their value, as found by the referee. In equity and justice he was entitled to have such interest satisfied, not to speak of the claims themselves, which were also due; and the value of the rents and profits with which he was charged should be so applied as to meet his just demands. In my judgment, this is not a case for annual rests in stating the account.

No point of error is alleged against the account as regards the plaintiff's claims. The amount certified in their favor, $14,632.53, stands unchallenged.

All the objections urged on this appeal as to the taking and stating of the account have been above considered, and our conclusion is that no error exists in that regard, calling for a reversal of the judgment. All other questions in the case are supposed to have been heretofore settled by the decision of the court of appeals.

The judgment appealed from should be affirmed, and the respondents are entitled to the costs of appeal.

It seems that the costs of former appeals were directed to be paid out of the proceeds of the sale of the premises. But it does not appear just that those proceeds should be further diminished, to the possible injury of the plaintiffs, by the payment therefrom of the costs of an unsuccessful appeal on the part of the defendants. I am of the opinion that the costs of this appeal should be awarded to the respondents against the appellants personally. In this way their payment will fall upon the heirs at law and next of kin of Charles Cook, deceased, for whose personal benefit the appeal was taken, and who are personally on the record as defendants.

Judgment affirmed, with costs of appeal against the appellants personally.

*Judgment affirmed.*