## COOK v. ROGERS.

*Contract — construction of — Mortgage.*

A mortgage made on the 28th of June, 1871, was conditioned for the payment of $500 "on the 1st day of April, A. D. 1873, with interest annually on the 1st day of April in each year." *Held,* that interest was payable on each 1st of April until the mortgage was due, and a foreclosure for a failure to pay interest April 1, 1872, was proper.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the report of a referee.

The action was brought by Berosus Cook against Wm. M. Rogers and others, to foreclose a mortgage. The mortgage was dated June

28, 1871, and the action was commenced December 23, 1872. The mortgage was accompanied by the bond of the mortgagor, executed to accompany it, which instruments were conditioned for the payment "of the sum of five hundred dollars on the 1st day of April, A. D. 1873, with interest annually, on the first day of April in each year." The referee, before whom the case was tried, held, "that no amount of principal or interest was due upon the bond or mortgage when the action was commenced;" and directed judgment of dismissal of the complaint with costs. The plaintiff excepted to the finding of fact, whereby the referee found that there was no interest due on the 1st day of April, 1872, and on the settlement of the case requested him to find that interest was due on that day. The referee refused to find as requested and judgment was entered as directed, whereupon the plaintiff appealed.

*S. S. Burnside,* for appellant.

*Bowe & Shumway,* for respondents.

BOCKES, J. The question in this case is whether interest became due on the bond and mortgage on the 1st day of April, 1872. Those instruments bore date June 28th and 29th, 1871, and were conditioned for the payment of $500 on the 1st day of April, 1873, "*with interest annually on the first day of April, in each year.*" In construing this condition, effect must be given to the intention of the parties; and that intention must be determined from the language employed by them to express their purpose. Also the condition must be so construed as to give efficacy to every part of it, if possible. It may be well first to see what was intended by the parties, as to which there can be no possible controversy. 1st. The entire principal of $500 was to be paid by one payment on the 1st day of April, 1873. 2d. It was payable with interest, that is, with interest from the date of the bond. 3d. The interest was to become due on the first day of April. Thus far there can be no question. The language of the condition is explicit on these three points. Now it was further provided that the interest should become payable "annually, on the first day of April, in each year." The learned referee read the condition as if these words had been omitted, that is, as if it had simply provided for the payment, as therein expressed, "of the sum of $500, on

the 1st day of April, A. D. 1873, with interest," omitting the next following words above given. I am not satisfied with this reading of the condition. I think the parties had some meaning which they intended to express by those words. If so, we must determine such meaning and give it effect. Now the words, "with interest annually on the first day of April, in each year," carries the idea, as I think, that interest was to be paid every year on the first day of April. One of the definitions given by Worcester to the word "annually" is, "every year." Under this signification of the word, the meaning is plain. The interest was payable on the first day of April in every year. That the parties so intended is apparent from the subsequent words, "on the first day of April in each year." Such is the language of the condition. Why add the words "in each year," after April, unless it was intended that interest should be paid the next following April. More than one April was referred to when payment was to be made. It was to be made April 1, in each year, that is, each April between the date of the bond and the day on which the entire debt was to be satisfied. It would be an absurdity to hold that provision was made and intended for the payment of interest after the period when the entire debt was to be paid. So by April in each year, the two Aprils which would occur while the debt remained unpaid must have been intended.

This case is made to depend for its fair and just construction on its own peculiarities of language. No other can be found probably precisely like it, which has received consideration by the court. In *French* v. *Kennedy*, 7 Barb. 452, the question was, whether interest was payable at the time fixed for payment on the entire debt, or on the several installments as they became due. In *Feak* v. *Eddy's Ex'rs*, 15 Wend. 76, the question was as to the time interest commenced. It was determined that it did not commence at the date of the bond, giving due effect to certain words then employed, and interest was allowed from May 1, subsequent to its date, which was in that case held to be the time for the commencement of the interest, according to the intention of the parties. In *Fellows* v. *Harrington*, 3 Barb. Ch. 652, the question was also as to when interest commenced. That being determined, the construction of the condition was plain.

In the case at bar, interest commenced unquestionably at the date of the bond, and the true reading of the condition, as I think,

is that the interest was payable "on the first day of April, in each year," that is, on each first day of April, occurring during the time payment of the principal was postponed. I prefer this construction, because in consonance as I believe with the intention of the parties, rather than that adopted by the referee, which in effect renders very significant words meaningless. If this conclusion be sound, the judgment appealed from must be reversed.

The judgment is reversed, a new trial ordered, costs to abide the event, and the reference discharged.

*Judgment reversed and new trial ordered.*