BEROSUS COOK, Respondent, *v.* HENRY E. CLARK et al.,
Impleaded, etc., Appellants.

The condition of a mortgage dated June 28, 1871, was that the principal
should be paid on April 1st, 1873, "with interest annually on the first
day of April in each year," an action was commenced to foreclose the
mortgage December 23, 1872, upon the ground of default in the pay-
ment of interest alleged to have become due April 1, 1872. *Held*, that
by the stipulation as to interest, reference was had to and it was
intended to provide for a payment of 'interest prior to the time when
the principal became due, and that plaintiff's claim was well founded.

(Submitted December 20, 1876 ; decided January 16, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the Third Judicial Department reversing a judgment
in favor of defendants, entered upon the report of a referee.
(Reported below, 3 Hun, 247.)

This action was commenced December 23, 1872, to fore-
close a mortgage dated June 28, 1871. The mortgage was
accompanied by the bond of the mortgagor, which instru-
ments were conditioned for the payment " of the sum of five
hundred dollars on the 1st day of April, A. D. 1873, with
interest annually on the first day of April in each year."

The referee before whom the case was tried, held " that no
amount of principal or interest was due upon the bond or
mortgage when the action was commenced," and directed
judgment of dismissal of the complaint with costs.

Judgment was entered accordingly.

*Bowe & Shumway,* for the appellants. When the fore-
closure was commenced, there was no forfeiture of the condi-
tions of the bond and mortgage, no annual interest being
then due. (*Bauder* v. *Bauder,* 5 How., 42 ; *Fake* v. *Eddy,*
15 Wend., 76 ; 7 Barb., 360, 561 ; 1 Hoff., 300 ; 3 Bradf.,
287 ; 14 N. Y., 463 ; *Fellows* v. *Harrington,* 3 Barb. Ch.,
562.)

*S. S. Burnside,* for the respondent. The referee erred in holding that no interest was due when the action for foreclosure was commenced. (*Fellows* v. *Harrington,* 3 Barb. Ch., 562; *French* v. *Kennedy,* 7 Barb., 452; *Fake* v. *Eddy,* 15 Wend., 76; 2 Pars. on Con., 497, 506; 2 Pars. on Notes and Bills, 397, note 5.)

EARL, J.   This is an action to foreclose a mortgage, and the sole question to be determined is whether there was any thing due on the mortgage at the time of the commencement of the action. The mortgage was dated June 28, 1871, and is conditioned to pay " the sum of five hundred dollars on the first day of April, in the year of our Lord one thousand eight hundred and seventy-three, with interest annually on the first day of April in each year." The action was commenced on the 23d day of December, 1872. The claim of the plaintiff is, that the interest from the date of the mortgage to April 1, 1872, was due at the latter date. The defendants claim that no interest became due until April 1, 1873, and so the referee held. But the General Term of the Supreme Court sustained the claim of the plaintiff and reversed the judgment entered upon the report of the referee.

We are of opinion that the condition of payment contained in the mortgage was properly construed by the General Term. In construing this condition we must endeavor to ascertain and give effect to the intention of the parties as embodied in the language used. It is quite clear that they intended some interest should be paid before the principal became due; for, after the principal became due, it would draw interest without any agreement in reference thereto. We must assume that the parties intended and expected that the principal would be paid on the day named in the condition, and hence the stipulation as to interest must have reference to interest to be paid before that day.

If the construction claimed by the defendants be adopted, then the interest for the year ending June 28, 1872, would not fall due and be payable until April 1, 1873 — nine months

after it had accrued; or the interest would not commence until April 1, 1872, and a year's interest would then be payable April 1, 1873, the loan being without interest for nine months. It cannot be supposed that the parties intended such an unusual and unnatural arrangement as to the interest.

The loan was for twenty-one months, and the parties desired to arrange that the lender should not be obliged to wait until the end of the time for all the interest, and hence it was the intention that the interest for nine months up to April 1, 1872, should be paid at that date, and then that the interest for one year should be paid with the principal April 1, 1873. Such an arrangement is reasonable and certainly not unusual. By no other construction can effect be given to the words "on the first day of April in each year." These words mean on the 1st day of April, 1872, and on the 1st day of April, 1873. The word "annually," preceding the words above quoted, in the connection in which it was used, simply means in each of the years 1872 and 1873, and adds nothing to the meaning of the other words. It is a word commonly inserted in agreements as to interest, and was probably used without any definite idea as to its force in the place where it was put. The other words are definite and explicit and must control.

Counsel for the appellants have called our attention to some authorities which they claim sustain their construction of this condition: *Fake* v. *Eddy* (15 Wend., 76), *Fellows* v. *Harrington* (3 Barb. Ch. R., 652), *French* v. *Kennedy* (7 Barb., 452). But the language used in those cases as to the payment of interest was so different from that used here, that they furnish no authority for their contention in this case. They are sufficiently commented upon and distinguished in the opinion at General Term. That opinion is very satisfactory, and renders any further discussion here unnecessary.

Order affirmed and judgment absolute ordered for the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.